Michael A. Berta (SBN 194650)
michael.berta@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3306
Facsimile: (415) 471-3400

Brian Martinez (SBN 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Attorneys for Defendant Logicube, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MYKEY TECHNOLOGY INC. PATENT LITIGATION | 2:13-ml-02461-GAF (PLAx) |
| | MDL NO. 2461 |
| MyKey Technology Inc., | This Document Relates to: MyKey Technology Inc. v. CPR Tools Inc. et al., 2:13-02302-GAF-PLA |
| v. | **STIPULATED PROTECTIVE ORDER** |
| Intelligent Computer Solutions, Inc. | |
| | Honorable Paul L. Abrams |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff

MyKey Technology Inc. and Defendant Logicube, Inc., through counsel

undersigned jointly submit this Stipulated Protective Order to govern the handling

of information and material produced in the course of discovery or filed with the

1   Court in this action.

2             **ORDER AND STATEMENT OF GOOD CAUSE**

3       Plaintiff MyKey Technology Inc. and Defendant Logicube, Inc. agree that

4   disclosure and discovery activities in this action are likely to involve production of

5   highly sensitive financial or business information or proprietary information that

6   has not been disseminated to the public at large, that is not readily discoverable by

7   competitors and that has been the subject of reasonable efforts by the respective

8   parties to maintain its secrecy, and for which special protection from public

9   disclosure and from use for any purpose other than prosecuting this litigation would

10   be warranted.  Such information likely will include, among other things, sensitive

11   product information, product design and development materials, engineering

12   materials, marketing and sales information, purchase orders, invoices, distributor

13   information, and customer information relating to write blocking devices,

14   duplicator devices, and data removal devices.

15       Each party wishes to ensure that such confidential information shall not be

16   used for any purpose other than this action and shall not be made public by another

17   party beyond the extent necessary for purposes of this action.  The parties therefore

18   seek to facilitate the production and protection of such information.  The parties

19   acknowledge that this Protective Order does not confer blanket protections on all

20   disclosures or responses to discovery and that the protection it affords extends only

21   to the limited information or items that are entitled under the applicable legal

22   principles to treatment as confidential.  The parties further acknowledge that this

23   Protective Order creates no entitlement to file confidential information under seal.

24       Good cause exists to enter the instant Protective Order to protect such

25   confidential information from public disclosure.  The confidential information

26   includes information that could be used by actual or potential competitors to gain a

27   competitive advantage in the marketplace.

28       Accordingly, based upon the agreement of the parties and for good cause

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

shown, IT IS HEREBY ORDERED that whenever, in the course of these proceedings, any party or non-party has occasion to disclose information deemed in good faith to constitute confidential information, the parties and any such non-party shall employ the following procedures:

## 1.   DEFINITIONS

(a) "Discovery Material" means all items or information, including from a non-party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter, including documents, deposition testimony or discovery responses.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks, or (iii) independent attorneys contracted to assist outside counsel in connection with this action, including any subsequent appeals from decisions entered in this action.  Outside Counsel does not include attorneys who are employees of a Party.

(c) "Party" means any party to this action, including its officers, directors, employees, and consultants.

(d) "Producing Party" means any Party or other third-party entity that discloses or produces Discovery Material in this action.

(e) "Protected Material" means Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided in this Order.  Protected Material shall not include (a) advertising materials, (b) materials that on their face show that they

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

have been published to the general public or are otherwise in the public domain, (c) information that after disclosure to a Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order or any violation of law, (d) information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, or (e) information that a Receiving Party can show was independently developed after the time of its disclosure by personnel who have not had access to the information designated by a Producing Party under this Order, or (f) information that has been submitted to any governmental entity without request for confidential treatment and is publicly available by that governmental entity or other public source.

(f) "Receiving Party" means any Party receiving Discovery Material from a Producing Party.

(g) "Source Code" means computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module.

## 2.     DESIGNATING DISCOVERY MATERIAL AS PROTECTED MATERIAL

(a) Confidentiality Designation Categories.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: (1) "CONFIDENTIAL;" (2) "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY"; (3) "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER", and (4) "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE.

(b) "CONFIDENTIAL" Designation.  A Producing Party may designate Discovery Material "CONFIDENTIAL" if the Producing Party has a good faith

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1  belief that the Discovery Material constitutes or contains confidential technical,

2  sales, marketing, financial, or other commercial information, whether embodied in

3  physical objects, documents, or the factual knowledge of persons, and which has

4  been so designated by the Producing Party.

5       (c) "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" and

6  "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE

7  ORDER" Designation.  A Producing Party may designate Discovery Material

8  "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or

9  "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE

10  ORDER" if the Producing Party has a good faith belief that the Discovery Material

11  constitutes or contains proprietary financial or technical data or information,

12  commercially sensitive competitive information, or trade secrets, including, but not

13  limited to:

14       (i) nonpublic technical information, marketing, sales, financials, web

15  traffic, or research and development data or information, schematic diagrams,

16  technical reference manuals, and operations manuals;

17       (ii) damages-related information (e.g., sale volumes, revenues,

18  profitability),

19       (iii) information obtained from a nonparty pursuant to a current

20  Nondisclosure Agreement ("NDA");

21       (iv) information or data relating to future products not yet

22  commercially released and/or strategic plans;

23       (v) commercial agreements;

24       (vi) licenses and licensing documentation, and

25       (vii) settlement agreements or settlement communications, the

26  disclosure of which is likely to cause harm to the competitive position of the

27  Producing Party.

28  (d) "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY -

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

SOURCE CODE" Designation.  A Producing Party may designate Discovery Material "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if the Producing Party has a good faith belief that the Discovery Material is in the form of computer Source Code that the Producing Party believes in good faith is so commercially sensitive or confidential that the disclosure to another Party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" would not provide adequate protection to the interest of the Producing Party.

(e) Designating Written Discovery and Documents and Tangible Things. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations set forth in this Order may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production, except for documents produced in native format which shall have the appropriate designation affixed on the face of the media containing such native format documentation.  In addition to the foregoing, to the extent that documents are produced in electronic form, the addition of a confidentiality designation in the file name shall be sufficient to provide notice of said confidentiality and additional written notice is unnecessary in this situation.  Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.

(f) Designating Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within seven (7) days of receipt of the transcript of the testimony.  All information disclosed during a

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

deposition of a Party shall be deemed CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed, with the exception of any portion of a deposition previously designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE", which shall be treated accordingly.

(1) Each Party shall use its best efforts to attach a copy of such written notice or notices to the face of each transcript of a deposition so designated that is within the Party's possession, custody or control.

(2) Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Protective Order.

(3) In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Order, (*e.g.* by including a label on the videotape or other video media which contains the appropriate confidentiality designation).

(4) Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the questioning counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(5) To comply with subparagraph 2(f), the designating party, in a letter

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1   or other written notice to the party taking the deposition, shall identify the

2   appropriate level of confidentiality, and identify the pages and lines, and/or

3   exhibits, to be treated as Protected Material.

4       (g) Designating Information Not Reduced to Any Physical Form.  For

5   information not reduced to any documentary, tangible, or physical form, or which

6   cannot be conveniently designated as set forth above, the Producing Party must

7   inform the Receiving Party of the designation of such information in writing.

8       (h) Designating Discovery Material Made Available for Inspection.  If a

9   Producing Party makes Discovery Material available to another Party by allowing

10  access to the Discovery Material for inspection instead of delivering a copy of the

11  material to a Party, the Producing Party may make a temporary designation of all

12  items being inspected as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE

13  ATTORNEYS' EYES ONLY", CONFIDENTIAL BUSINESS INFORMATION

14  SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - OUTSIDE

15  ATTORNEYS' EYES ONLY - SOURCE CODE" if the Producing Party believes in

16  good faith that the Discovery Material made available for inspection may constitute

17  or contain confidential information and is entitled to the level of confidentiality

18  designated.  The Producing Party shall inform the Party seeking the inspection in

19  writing in advance of the inspection that Discovery Material made available for

20  inspection shall be treated under the appropriate designation pursuant to this

21  Protective Order.  If the Producing Party later produces any temporarily-designated

22  Discovery Material, the Producing Party shall re-designate the material in

23  accordance with terms of this Protective Order, for example, by placing the

24  appropriate legend on any documents during the copying process.

25      (i) Derivative Materials.  The protections conferred by this Protective Order

26  cover not only Discovery Material governed by this Protective Order, but also any

27  information copied or extracted therefrom, as well as all copies, excerpts,

28  summaries, or compilations thereof, as well as testimony, conversations, or

- 8 -

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

presentations by parties or their counsel in Court or in other settings that might reveal Protected Material.

**3.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

(a) No Duty to Challenge Designations Immediately.  A Party may challenge a designation of confidentiality at any time.  A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Procedure for Challenging Designations.  Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be designated differently, and shall identify the grounds for the objection with particularity.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(1) The objecting Party shall have the burden of conferring in compliance with the Court's local rules, either in person or by telephone, with the Producing Party (as well as any other Party who expresses an interest in maintaining the designation) in a good faith effort to resolve the dispute.  In conferring, the objecting Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A objecting Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.  The Producing Party shall have the burden of justifying the disputed designation;

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

(2) If the parties cannot resolve the dispute over the designation, the objecting Party shall pursuant to Local Rule 37 file a joint stipulation with the Court seeking a ruling that the Discovery Material in question is not entitled to the protection conferred by the Producing Party's designation.  The Parties' stipulation to this Protective Order shall not preclude any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply to a dispute over protection of information disclosed in connection with discovery or disclosure of information.

(c) Continued Confidentiality Treatment Pending Disposition of Challenge. Notwithstanding any challenge to a confidentiality designation of Discovery Material, the material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Producing Party that designated the Discovery Material in question withdraws such designation in writing or by so stating on the record at any hearing or deposition; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**4. RESTRICTIONS ON DISCLOSURE OF PROTECTED MATERIAL**

(a) Disclosure of Material Designated "CONFIDENTIAL."  A Party may disclose Discovery Material designated as "CONFIDENTIAL" only to the following:

(1) The Receiving Party's Outside Counsel;

(2) Up to two in-house counsel, who are members of at least one state bar in good standing, with responsibility for managing this litigation but who are not involved in competitive decision making for the Receiving Party.

(3) Any expert or consultant retained by a Receiving Party who is not a current employee of the Receiving Party or an affiliate of the Receiving Party, and any personnel assisting the expert or consultant in this lawsuit, provided that such disclosure is only to the extent necessary to perform such work, and

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

further provided that: (a) the Receiving Party has complied with Section 6 of this Protective Order with respect to the person; (b) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and (c) there are no unresolved objections to such disclosure existing after proper notice has been given to all parties as set forth in this Protective Order;

(4) Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(5) The Court, jury, and Court personnel (under seal or with other suitable precautions determined by the Court);

(6) Personnel employed by anyone providing a Party with document litigation support, graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

(7) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(8) Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated "CONFIDENTIAL."

(b) Disclosure of Material Designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER."  A Party may disclose Discovery Material designated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE

- 11 -

1301806.1

ORDER" only to the following:

(1) The Receiving Party's Outside Counsel;

(2) Any expert or consultant retained by a Receiving Party who is not a current employee of the Receiving Party or an affiliate of the Receiving Party, and any personnel assisting the expert or consultant in this lawsuit, provided that such disclosure is only to the extent necessary to perform such work, and further provided that: (a) the Receiving Pary has complied with Section 6 of this Protective Order with respect to the person; (b) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and (c) there are no unresolved objections to such disclosure existing after proper notice has been given to all parties as set forth in this Protective Order;

(3) Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(4) The Court, jury, and Court personnel (under seal or with other suitable precautions determined by the Court);

(5) Personnel employed by anyone providing a Party with document litigation support, graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

(6) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(7) Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as

- 12 -

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER."

(c) Disclosure of Material Designated " CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE."  A Party may disclose Discovery Material designated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE" only to the following:

(1) No more than five experts or consultants in this lawsuit referenced in 4(a)(3) above, unless upon motion of a Party for good cause shown additional experts or consultants are necessary;

(2) Those persons described in subsections (1), and (4)-(7) of section (4)(a) above.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers; and

(3) While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(d) Providing Advice to Clients.  Nothing in this Protective Order shall preclude any attorney from providing to their clients an evaluation of any Protected Material produced or exchanged in this litigation, provided, however, that in

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1  rendering such advice and otherwise communicating with their client, Outside

2  Counsel shall not disclose the specific contents of any Protected Material produced

3  by another Party if such a disclosure would be contrary to the terms of this

4  Protective Order.

5  **5.      DISCLOSURE AND REVIEW OF SOURCE CODE**

6       Any Source Code that a Producing Party produces shall be produced or made

7  available to persons authorized to have access to Source Code pursuant to this

8  Section 5, unless otherwise mutually agreed to by the Parties.  Source Code must be

9  produced in its native format pursuant to the following provisions.

10      (a) All such Source Code, and any other Protected Information designated as

11  "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE,"

12  shall be subject to the following provisions:

13           (1) Source Code, to the extent any producing party agrees to provide

14       any such information, may be (i) made available for inspection but not

15       produced except as provided for below, or (ii) produced at the election of the

16       Production Party.  The Producing Party shall make Source Code available in

17       electronic native format allowing it to be reasonably reviewed and searched

18       at the offices of the Producing Party's primary outside counsel or a location

19       mutually agreed upon by the Receiving and Producing Parties.  Source Code

20       will be loaded on a non-networked computer, with a means for printing

21       Source Code (if such printing means are requested by the Receiving Party,

22       that is password protected and maintained in a secure, locked area.  Use or

23       possession of any input/output device (e.g., USB memory stick, cameras or

24       any camera-enabled device, CDs, floppy disk, portable hard drive, laptop,

25       etc.) is prohibited, except for the printing means provided in the inspection

26       area, while accessing the computer containing the Source Code.  All persons

27       inspecting the Source Code must agree to submit to reasonable security

28       measures to insure they are not carrying any prohibited items before they will

- 14 -

1301806.1

be given access to the secured Source Code computer.  The computers containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection.

(2) The Receiving Party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer.  The Receiving Party must provide the producing party with a CD, USB memory stick, or DVD containing such software tool(s) at least four business days in advance of the inspection.

(3) The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(4) No person shall copy, e-mail, transmit, upload, download, photograph or otherwise duplicate any portion of the designated Source Code, except that the Receiving Party shall be entitled to make printouts in paper form of Source Code if such printouts are reasonably necessary to any case preparation activity, including for use as an exhibit at deposition, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at Trial.  The Producing Party may, at the Producing Party's election, either (i) permit the Receiving Party to immediately remove such printouts, in which case it shall be the responsibility of the Receiving Party to promptly have such printouts marked with a legend designating them as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or (ii) retain and mark such printouts with a legend designating them as

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" and produce them to the Receiving Party within three (3) business days or such additional time as necessary due to volume requested, in which case the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  At the Receiving Party's request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion.

(5) If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within three (3) business days.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Producing or Receiving Party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code print outs need not be produced to the Requesting Party until the matter is resolved by the Court.

(6) Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

(7) Any paper copies designated "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE" shall be stored or viewed

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

only at (i) the offices of outside counsel for the Receiving Party, (ii) the site where any deposition is taken (iii) the Court; or (iv) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.  The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under this paragraph.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code;

(8) A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a log of the names of persons who inspect the Source Code, including the date and times of each inspection.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

(9) Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(10) The Receiving Party will not copy, remove, or otherwise transfer

- 17 -

any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

(11) The Parties shall not provide the court reporter with copies of Source Code that are marked as deposition exhibits and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(12) Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents (hereinafter a "Source Code Document") only if reasonably necessary for the purposes for which such part of the Source Code is used.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.

(13) To the extent portions of Source Code are quoted or otherwise disclosed in a Source Code Document, either (1) the entire document will be stamped "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE" or (2) those pages containing quoted Source Code will be separately bound, and stamped as " CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY- SOURCE CODE."  All Source Code Documents shall be filed under seal, according to the provisions of this Protective Order, such that Source Code is redacted in any publicly available

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

document or filing.  A Receiving Party shall make a good faith effort to quote the minimum amount of Source Code necessary in any such document.

(b) The Producing Party may not configure its Source Code in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (*e.g.,* key logging, video capture, etc.).

(c) Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(d) All cumulative paper or electronic copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.,* at the conclusion of a deposition).

(e) Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

## 6.   NOTICE OF DISCLOSURE

(a) Notice of Proposed Disclosure to Expert or Consultant.  Prior to disclosing any Protected Material to any retained expert or consultant, the Party proposing disclosure to such expert or consultant shall serve on all parties: (i) the person's executed agreement to be bound by the terms of this protective order in the form attached hereto as Exhibit A; (ii) the person's present employer and title; (iii) the person's employment history for the past five years; (iv) the person's up-to-date curriculum vitae; (v) an identification of any work performed by that person for or on behalf of any Party within the five-year period before the filing of the this action, (vi) a listing of cases in which the person has testified as an expert at trial or by deposition within the preceding five years, and (vii) an identification of any patents

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1   or patent applications in which the person is identified as an inventor or applicant,

2   is involved in prosecuting or maintaining, or has any pecuniary interest.

3       (b) Objection to Proposed Disclosure.  Within five (5) business days of

4   receipt of the information in paragraph (a) above, any Party may object to the

5   proposed expert or consultant on any reasonable basis.  Any such objection shall be

6   served on all parties and: (i) state in detail the basis for the objection; (ii) identify

7   the categories of Protected Material to which the objection applies; (iii) state how

8   the objecting Party believes the disclosure may be harmful; and (iv) state why the

9   objecting Party believes the protections already afforded under this Protective

10  Order would be inadequate to prevent the anticipated harm such that objection is

11  warranted.

12      (c) Resolution of Objection to Disclosure.  If a Party objects to the proposed

13  disclosure to an expert or consultant within the time and in the manner required

14  above, the objecting Party and the Party proposing disclosure shall meet and confer

15  pursuant to Local Rule 37 to attempt to resolve the objection.  If the objection is not

16  resolved, the objecting Party shall, within ten (10) business days of sending the

17  notice of its objection, provide to the party proposing disclosure its portion of the

18  joint stipulation described in Local Rule 37-2.2.  The Parties shall then follow the

19  procedure set forth in Local Rule 37 to resolve the dispute.  The Party proposing

20  disclosure shall not disclose such information to its designated expert or consultant

21  until the objection is withdrawn or the Court rules on the joint stipulation.  The

22  objecting Party bears the burden of proof to prevent disclosure to the expert or

23  consultant.

24      (d) Objection to Continued Disclosure.  A Party's failure to object to a

25  disclosure of Protected Material to a retained expert or consultant shall not preclude

26  any Party from later objecting to continued access to such material by that expert or

27  consultant, so long as the objection is made in a timely manner after acquiring

28  knowledge of the facts providing the basis for the objection.  If a Party asserts an

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1   objection to continued access to Protected Material by an expert or consultant, no

2   further Protected Material shall be disclosed to the expert or consultant until the

3   Court resolves the matter or the objecting Party withdraws its objection.  If an

4   objection is made, the objecting Party and the Party proposing continued disclosure

5   shall follow the procedure described above in section (c) for resolving such

6   objections.

7   7.      **PATENT PROSECUTION BAR**

8          (a) Other than as set forth in section 7(b) below, any person who reviews or

9   otherwise learns the contents of technical "CONFIDENTIAL - OUTSIDE

10  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION

11  SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - OUTSIDE

12  ATTORNEYS' EYES ONLY- SOURCE CODE" information related to forensic

13  devices produced by another Party may not participate, directly or indirectly, in the

14  prosecution of any patent claims on behalf of any entity, whether party to this

15  action or not (other than on behalf of the Party who produced the Protected Material

16  at issue), that involve claims on a method, apparatus, or system relating to the

17  subject matter of the Patents-in-Suit from the time of receipt of such information

18  through and including two (2) years following the entry of a final non-appealable

19  judgment or order or the complete settlement of all claims against the Party or

20  Parties whose Protected Material was received or reviewed.  For purposes of this

21  Protective Order, "prosecute" or "prosecution" shall mean prosecution that directly

22  or indirectly involves drafting, amending, advising, or otherwise affecting the scope

23  or maintenance of  patent applications, including without limitation the Patents-in-

24  Suit and any patent or application claiming priority to the Patents-in-Suit.  To avoid

25  any doubt, "prosecution" as used in this paragraph does not include representing a

26  party before a domestic or foreign agency (including, but not limited to, a reissue

27  protest, *ex parte* reexamination, or *inter partes* reexamination).  Nothing in this

28  paragraph shall prevent any attorney from sending non-confidential prior art to an

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

(b) No Imputation of Prosecution Bar.  The prosecution bar described herein shall not be imputed to partners, associates, or other colleagues of a person subject to the prosecution bar who did not actually receive or review any Protected Material.

**8.    USE OF PROTECTED MATERIAL**

(a) Use of Protected Material in General.  Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this litigation, and shall be used only for purposes of litigating this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b) Filing Protected Material with the Court.  Any Receiving Party is authorized to file under seal with the Court in this case any material that is designated as Protected Material under this Protective Order.  Any Protected Material filed with the Court in this case shall be filed under seal in compliance with this Protective Order and any applicable local rules of the Court.

(c) Use of Protected Material in the Courtroom.  Any person may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Material which such person had knowledge of apart from the production of such material in this case.  Without in any way limiting the generality of the foregoing:

(1) A present director, officer, and/or employee of a Producing Party may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Information which has been produced by that Party;

(2) A former director, officer, agent and/or employee of a Producing Party may be shown and may be examined as a witness at a deposition,

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

hearing or trial and may testify concerning all Protected Material which that person reasonably likely had knowledge of apart from the production of such material in this case, including any Protected Material that refers to matters which the witness has personal knowledge of, which has been produced by that Party and which pertains to the period or periods of the person's employment;  and

(3) Non-parties may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been lawfully received from or communicated to the non-party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Protective Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Protective Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a signed statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

(4) The Parties shall meet and confer to discuss procedures for maintaining the confidentiality of Protected Material used during the course of any pre-trial hearing or trial.

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1   (d) Court Reporters.  Any court reporter or transcriber who reports or

2   transcribes testimony in this action shall agree that all Protected Material designated

3   as such under this Order shall retain its protected status and shall not be disclosed

4   by them, except pursuant to the terms of this Order, and that any notes or

5   transcriptions of such testimony (and any accompanying exhibits) will be retained

6   by the reporter or delivered to counsel of record.

7   **9.     INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

8   (a) Request for Return of Discovery Material.  The inadvertent production by

9   a Party of Discovery Material subject to the attorney-client privilege, work-product

10  protection, or any other applicable privilege or protection will not waive the

11  applicable privilege and/or protection if a request for return of such inadvertently

12  produced Discovery Material is made promptly after the Producing Party learns of

13  its inadvertent production.

14  (b) Response to Request for Return of Discovery Material.  Upon a request

15  from any Producing Party who believes it has inadvertently produced Discovery

16  Material that is privileged and/or protected and/or otherwise not subject to

17  discovery in this matter, each Receiving Party shall immediately return such

18  Discovery Material (including all copies) to the Producing Party.  The Producing

19  Party shall provide the Receiving Party with a privilege log of any such returned

20  material that identifies the basis for it being withheld from production.  Return of

21  requested Discovery Material shall not waive the Receiving Party's right to seek

22  judicial determination of the claimed protection pursuant to Fed. R. Civ. P.

23  26(b)(5)(B) and Fed. R. Evid. 502.

24  (c) Ethical Obligations.  Nothing herein is intended to alter any attorney's

25  obligation to abide by any applicable rules of professional responsibility relating to

26  the inadvertent disclosure of privileged information.

27  /././

28  /././

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

/./././

## 10.    INADVERTENT FAILURE TO DESIGNATE OR REDESIGNATION OF DISCOVERY MATERIAL

(a) Designation After Production.  A Producing Party's failure to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive the Party's right to make any such designation at a subsequent time, provided that the Producing Party notifies all Receiving Parties that such Discovery Material should be protected under one of the confidentiality categories of this Protective Order promptly after the Producing Party learns of the inadvertent failure to so designate.

(b) Consequences of Designation After Production.  A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph (c) below) at the appropriately designated level pursuant to the terms of this Protective Order.

(c) Re-Labeling of Discovery Material.  If Discovery Material is designated or redesignated with a different confidentiality designation subsequent to production, the Receiving Party promptly shall make every reasonable effort to re-label such material with the appropriate confidentiality designation. Notwithstanding the above, such subsequent designation of Discovery Material shall apply only on a going forward basis.  Any person who reviewed such material before it was designated as protected under one of the confidentiality categories of this Protective Order shall not be disqualified from any activity or otherwise prejudiced as a result of such review.

## 11.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

(a) Notice of Unauthorized Disclosure and Corrective Action.  In the event of a disclosure of any Discovery Material to any person not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Protected Status of Material After Unauthorized Disclosure. Unauthorized disclosure of Protected Material does not change the protected status of such material Discovery Material or waive the right to maintain the disclosed document or information as Protected Material.

**12.     SUBPOENAS OR COURT ORDERS**

(a) Notice and Opportunity to Seek Relief.  If any Party is served with any subpoena or other request for the production of Protected Material produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to each Producing Party who has produced such Protected Material (directly or through the Producing Party's Outside Counsel), and shall provide each Producing Party with an opportunity to move for a protective order regarding the request for the production of Protected Materials.  If a Producing Party does not take steps to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto.  The Party to whom the subpoena or other request is directed also may produce such documents as required to comply with

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1   any legal duty or obligation imposed by the court or other judicial, arbitral,

2   administrative, or legislative body.

3   **13.    TERMINATION OF LITIGATION**

4        (a) Continuing Obligations of Protective Order.  After termination of this

5   litigation, the provisions of this Protective Order shall continue to be binding,

6   except with respect to those documents and information that become a matter of

7   public record.

8        (b) Jurisdiction.  This Court retains and shall have continuing jurisdiction

9   over the parties and recipients of the Protected Material for enforcement of the

10  provisions of this Protective Order following termination of this litigation.

11       (c) Destruction or Return of Protected Material.  Within sixty (60) calendar

12  days after termination of this litigation with respect to a Producing Party, whether

13  such termination arises from dismissal with respect to the Producing Party,

14  judgment against the Producing Party (including exhaustion of all appeals or

15  settlement), or otherwise, any Receiving Party that has received Protected Material

16  from the terminated Producing Party shall destroy or return the same to the

17  Producing Party.  If the Protected Material is destroyed, the Receiving Party shall

18  promptly notify the Producing Party of such destruction in writing.

19       (d) Retention of Protected Material.  Notwithstanding the provisions of

20  Paragraph 13(c) above, Outside Counsel for a Receiving Party may retain a copy of

21  any pleading, transcript (for each deposition, hearing, and trial), discovery

22  responses, and any exhibits thereto, and attorney work product, regardless of

23  whether it includes or details Protected Material, except that a Receiving Party's

24  Outside Counsel shall not retain Protected Material designated "CONFIDENTIAL-

25  OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or documents or

26  things not filed with the Court discussing or describing Protected Material

27  designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY-

28

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1    SOURCE CODE."  Any Protected Material retained by Outside Counsel pursuant

2    to this provision shall remain subject to this Order.

3    /././

4    **14.    ELECTRONICALLY STORED INFORMATION (ESI)**

5         (a) Preservation of Discoverable Information.  Absent a showing of good

6    cause by the requesting party, the Parties shall not be required to modify, on a

7    going-forward basis, the procedures used by them in the ordinary course of

8    business to back up and archive data; provided, however, that the Parties shall

9    preserve the non-duplicative discoverable information currently in their possession,

10   custody or control.  Absent a showing of good cause by the requesting party, the

11   following categories of ESI need not be preserved:

12        1. Deleted, slack, fragmented , or other data only accessible by

13        forensics.

14        2. Random access memory (RAM), temporary files, or other

15        ephemeral data that are difficult to preserve without disabling the

16        operating system.

17        3. On-line access data such as temporary internet files, history, cache,

18        cookies, and the like.

19        4. Data in metadata fields that are frequently updated automatically,

20        such as lastopened dates.

21        5. Back-up data that are substantially duplicative of data that are more

22        accessible elsewhere.

23        6. Voice messages.

24        7. Instant messages.

25        8. Electronic mail or pin-to-pin messages sent to or from mobile

26        devices (e.g., iPhone and Blackberry devices), provided that a copy of

27        such mail is routinely saved elsewhere.

28

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.

(b) Search of ESI.  Each Party shall in good faith conduct a targeted search of relevant data repositories, further limited to relevant custodians, to collect responsive ESI.  No Party shall be required to use search terms or other broad collection methods to locate or collect potentially responsive ESI.

## 14.    MISCELLANEOUS

(a) Bates Numbering of Documents.  All documents and things produced by any Producing Party shall be numbered using a prefix bearing the Producing Party's name or an abbreviation thereof; such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations.  The prefix should be used on a consistent basis and in a manner that makes clear the identity of the Producing Party.

(c) Privilege Log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

(d) Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification of this Protective Order by the Court in the future, to seek access to a Producing Party's Protected Material, or to apply to the Court at any time for additional protection.  By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1   or different confidentiality protections than those set forth herein.  Furthermore,

2   without application to this Court, any Party may enter into a written agreement

3   releasing another Party from one or more requirements of this Protective Order as

4   to Protected Material produced by the releasing Producing Party, even if the

5   conduct subject to the release would otherwise violate the terms herein.

6   (e) Successors.  This Protective Order shall be binding upon the Parties

7   hereto, their attorneys, and their successors, executors, personal representatives,

8   administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

9   employees, agents, retained consultants and experts, and any persons or

10  organizations over which they have direct control.

11  (g) Right to Assert Other Objections.  By stipulating to the entry of this

12  Protective Order, no Party waives any right it otherwise would have to object to

13  disclosing or producing any information or item.  Similarly, no Party waives any

14  right to object on any ground to the use in evidence of any of the material covered

15  by this Protective Order.  The Parties' agreement to this Protective Order shall not

16  constitute a waiver of the right of any Party to claim in this action or otherwise that

17  any Discovery Material, or any portion thereof, is privileged or otherwise non-

18  discoverable, or is not admissible in evidence in this action or any other proceeding.

19  (h) Burdens of Proof.  Nothing in this Protective Order shall be construed to

20  change the burdens of proof or legal standards applicable in disputes regarding

21  whether particular Discovery Material is confidential, which level of confidentiality

22  is appropriate, whether disclosure should be restricted, and if so, what restrictions

23  should apply.

24  (i) Modification by Court.  This Order is subject to further court order based

25  upon public policy or other considerations, and the Court may modify this Order

26  *sua sponte* in the interests of justice, or upon motion of a Party for good cause

27  shown.

28

- 30 -

1301806.1

1    (j) Other Proceedings.  By entering this order and limiting the disclosure of

2    information in this case, the Court does not intend to preclude another court from

3    finding that information may be relevant and subject to disclosure in another case.

4    Any person or party subject to this order who becomes subject to a motion to

5    disclose another party's information designated as confidential pursuant to this

6    order shall promptly notify that party of the motion so that the party may have an

7    opportunity to appear and be heard on whether that information should be disclosed.

8

9

10

11   DATED:                    _____

12                             Honorable Paul L. Abrams
                               United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

## <u>STIPULATION</u>

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

Dated: September 20, 2013          ARNOLD AND PORTER LLP

By: */s/  Brian Martinez*
Brian Martinez
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California  90017-5844
Telephone:  213.243.4000
Facsimile:  213.243.4199
Email: Brian.Martinez@aporter.com

Attorney for Defendant
Logicube, Inc.

Dated: September 20, 2013          FREITAS TSENG & KAUFMAN LLP

By: */s/  Qudus B. Olaniran*
ROBERT E. FREITAS
KAIWEN TSENG
QUDUS B. OLANIRAN
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:     (650) 593-6300
Facsimile:      (650) 593-6301

Attorneys for Plaintiff
MyKey Technology Inc.

STIPULATED PROTECTIVE ORDER
CASE NO. 13-02302 GAF PLAx

1301806.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A:**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MYKEY TECHNOLOGY INC. PATENT LITIGATION<br><br>MyKey Technology Inc.,<br><br>     v.<br><br>Intelligent Computer Solutions, Inc. | 2:13-ml-02461-GAF (PLAx)<br><br>MDL NO. 2461<br><br>This Document Relates to:<br>MyKey Technology Inc. v. CPR Tools Inc. et al., 2:13-02302-GAF-PLA<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

     I certify that I have read the Protective Order for the above-styled case.  I fully understand the terms of the Order.  I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms.  I consent to the personal jurisdiction and venue of the United States District Court, Central District of California, for any proceedings involving the enforcement of the Order.


                          _____

                          (Signature)


                          _____

                          (Name)


                          _____

                          (Affiliation)

1301806.1