# Exhibit 7



#8
SP

Patent
Attorney's Docket No.  0032-0003 /2 - 04 -03

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of      )
     )
Steven BRESS et al.      )    Group Art Unit: 2187
     )
Application No.: 09/961,417      )    Examiner: N. V. Dinh
     )
Filed: September 25, 2001      )
     )
For:   WRITE PROTECTION FOR      )
     COMPUTER LONG-TERM      )
     MEMORY DEVICES      )

## INFORMATION DISCLOSURE STATEMENT
## TRANSMITTAL LETTER

U.S. Patent and Trademark Office
2011 South Clark Place
Customer Window
Crystal Plaza Two, Lobby, Room 1B03
Arlington, Virginia 22202

Sir:

     Enclosed is an Information Disclosure Statement and accompanying form PTO-1449 for

the above-identified patent application.

     ☒      No additional fee for submission of the IDS is required.

     ☐      The fee of $180.00 as set forth in 37 C.F.R. § 1.17(p) is also enclosed.

     ☒      A certification under 37 C.F.R. § 1.97(e) is also enclosed.

     ☐      Charge $ _____ to Deposit Account No.  50-1070 for the fee due.

     ☐      A check in the amount of $ _____      is enclosed for the fee due.

MTI0000565

Exhibit 7
1

Information Disclosure Statement Transmittal Letter
Application Serial No. 09/961,417
Attorney's Docket No. 0032-0003
Page 2

The Commissioner is hereby authorized to charge any appropriate fees under 37 C.F.R.

§§ 1.16, 1.17 and 1.21 that may be required by this paper, and to credit any overpayment, to

Deposit Account No. 50-1070.

Respectfully submitted,

HARRITY & SNYDER, L.L.P.

By: _____

Brian E. Ledell
Reg. No. 42,784

11240 Waples Mill Road
Suite 300
Fairfax, Virginia 22030
(571) 432-0800
Customer Number: 26615

Date: November 24, 2003

MTI0000566

Exhibit 7
2



9/A
EDm
12-12-0-

PATENT
Attorney Docket No. 0032-0003

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: )
)
Steven Bress et al. )
)
Serial No.: 09/961,417 )    Group Art Unit: 2187
)
Filed:   September 25, 2001 )    Examiner: N. Dinh
)
For:   WRITE PROTECTION FOR )
COMPUTER LONG-TERM MEMORY )
DEVICES )

**RECEIVED**

DEC 0 1 2003

Technology Center 2100

U.S. Patent and Trademark Office
2011 South Clark Place
Customer Window, Mail Stop Fee Amendment
Crystal Plaza Two, Lobby, Room 1B03
Arlington, VA 22202

Sir:

<u>**AMENDMENT**</u>

In response to the Office Action of August 27, 2003 please amend this

application as follows:

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 16 of this paper.

11/28/2003 BSAYAS11 00000005 09961417
01 FC:2202                 27.00 OP

1

**MTI0000567**

Exhibit 7
3

*Ser... Number: 09/961,417*
*Docket Number: 0032-0003*

**Amendments to the Claims**:

This listing of claims will replace all prior versions, and listings, of claims in the application:

1. (currently amended) A blocking device ~~connected between a host and a storage device, the blocking device~~ comprising:

an interface emulator configured to emulate an interface presented by <u>a</u> ~~the~~ storage device <u>and  configured to connect to a host</u>;

an interface for connecting to the storage device; and

a processor coupled to the interface emulator and the interface, the processor examining commands received through the interface emulator that are generated by the host and intended for the storage device, the processor allowing only those of the commands that match a predetermined set of commands to pass to the storage device via the interface<u>, wherein</u>

<u>the blocking device is transparent to normal operation of the host and the storage device</u>.

2. (original) The blocking device of claim 1, wherein the commands in the predetermined set of commands are commands recognized by the processor as not modifying a storage state of the storage device.

3. (original) The blocking device of claim 1, wherein the interface is an integrated device electronics (IDE) interface for a disk drive.

2

MTI0000568

Exhibit 7
4

*Ser.   Number: 09/961,417*
*Docket Number: 0032-0003*

4. (original)  The blocking device of claim 1, wherein the processor receives data back from the storage device in response to the commands passed to the storage device and forwards the received data to the host through the interface emulator.

5. (original)  The blocking device of claim 4, wherein, when the commands include a capabilities request command relating to the storage device, the processor modifies data received from the storage device relating to the capabilities request command to reflect the capability of the storage device as affected by the presence of the blocking device.

6. (currently amended)  The blocking device of claim 1, wherein the processor drops those of the commands that do not match the predetermined set of commands, and, after dropping one of the ~~matching~~ commands, returns status information to the host that indicates that the dropped command was successfully completed.

7. (original)  The blocking device of claim 1, further comprising: additional interfaces for connecting to additional storage devices.

8. (original)  The blocking device of claim 7, wherein each of the interfaces is independently coupled to the processor.

3

MTI0000569

Exhibit 7
5

Ser.   Number: 09/961,417
Docket Number: 0032-0003

9.  (original)  The blocking device of claim 1, further including light emitting diodes (LEDs) coupled to the processor and configured to transmit status information relating to the status of the blocking device.

10.  (original)  The blocking device of claim 1, further including:

a temporary storage device coupled to the processor, the processor storing data from the host corresponding to the dropped commands in the temporary storage device.

11.  (original)  The blocking device of claim 10, wherein when read commands are received from the host that refer to data stored in the temporary storage device, the processor returns the data from the temporary storage device to the host.

12.  (original)  The blocking device of claim 1, further including:

a user configurable memory connected to the processor, the user configurable memory storing instructions that define protected areas on the storage device, the processor dropping those of the commands that match the predetermined set of commands when the matching commands are commands that would otherwise modify the protected areas on the storage device.

13.  (original)  The blocking device of claim 1, wherein the processor examines feature information from the storage device that relate to features

4

MTI0000570

Exhibit 7
6

Ser. . Number: 09/961,417
Docket Number: 0032-0003

supported by the storage device and the processor zeroes any features not supported by the processor before making the feature information available to the host.

14. (original)  The blocking device of claim 1, wherein the processor supports a removable drive feature set with the host and the processor returns a write protected error code to the host when the processor drops one of the commands.

15. (currently amended)  A device comprising:

an IDE emulator component, the IDE emulator component including a physical interface designed to engage a first cable that connects to a host that controls an IDE storage device;

an IDE interface configured to engage a second cable that connects to the IDE storage device; and

a logic circuit connecting the IDE emulator component to the IDE interface and configured to: compare commands received at the IDE emulator component to a predetermined set of commands, and to block transmission of one or more of the commands from the IDE emulator component to the IDE interface when the comparison indicates that thelogic the logic circuit does not recognize the received command or the comparison indicates that the received command is a command that modifies the storage device, wherein

5

MTI0000571

Exhibit 7
7

*Ser. . Number: 09/961,417*
*Docket Number: 0032-0003*

the device operates transparently to normal operation of the host and the IDE storage device.

16. (original)  The device of claim 15, wherein the logic circuit includes:

an embedded processor,

a computer memory connected to the embedded processor, the embedded processor loading program instructions from the computer memory during device initialization, and

a programmable logic device (PLD) coupled to the embedded processor, the IDE emulator component, and the IDE interface.

17. (original)  The device of claim 16, wherein the PLD includes:

a bus driver component configured to transfer data between the embedded processor, the IDE emulator component, and the IDE interface,

a first dual port memory buffer connected between the bus driver and the IDE interface,

a first set of communication lines connecting the bus driver directly to the IDE interface and indirectly to the IDE interface through the first dual port memory buffer,

a second dual port memory buffer connected between the bus driver and the IDE emulator component, and

6

MTI0000572

Exhibit 7
8

*Ser.... Number: 09/961,417*
*Docket Number: 0032-0003*

a second set of communication lines connecting the bus driver directly to the IDE emulator component and indirectly to the IDE emulator component through the second dual port memory buffer.

18. (original) The device of claim 15, wherein the commands in the predetermined set of commands are commands that modify a storage state of the IDE storage device.

19. (original) The device of claim 15, wherein when the logic circuit receives data back from the IDE storage device the logic circuit forwards the received data to the host through the IDE emulator component.

20. (original) The device of claim 19, wherein, when the comparison indicates the command includes a capabilities request command relating to the IDE storage device, the logic circuit modifies data received from the IDE storage device relating to the capabilities request command to reflect the capability of the IDE storage device as affected by the presence of the device.

21. (original) The device of claim 15, wherein the logic circuit, after blocking transmission of one of the commands, returns status information to the host that indicates that the blocked command was successfully executed.

22. (original) The device of claim 15, further comprising:

7

MTI0000573

Exhibit 7
9

*Ser.... Number: 09/961,417*
*Docket Number: 0032-ū003*

a second interface for connecting to a second IDE storage device.

23.  (original)  The device of claim 22, wherein each of the interfaces is independently coupled to the logic circuit.

24.  (original)  The device of claim 15, further including light emitting diodes (LEDs) coupled to the logic circuit and configured to transmit status information relating to the status of the device.

25.  (original)  The device of claim 15, further including:
a temporary storage device coupled to the logic circuit, the logic circuit storing data corresponding to blocked commands in the temporary storage device.

26.  (original)  The device of claim 25, wherein when read commands are received from the host that refer to data stored in the temporary storage device, the logic circuit returns the data from the temporary storage device to the host.

27.  (currently amended)  The device of claim 15, further including:
a user configurable memory connected to the logic circuit, the user configurable memory storing instructions that define protected areas on the IDE storage device, the logic circuit blocking received commands that ~~match~~ would modify the protected areas on the IDE storage device.

8

MTI0000574

Exhibit 7
10

Ser... Number: 09/961,417
Docket Number: 0032-0003

28.  (original)  The device of claim 15, wherein the logic circuit examines feature information from the IDE storage device that relates to features supported by the IDE storage device and removes any feature information not supported by the device before making the feature information available to the host.

29.  (currently amended)  A device comprising:

an emulator component, the emulator component including a physical interface designed to connect to a host that controls a storage device;

an interface configured to connect to the storage device; and

a logic circuit connecting the emulator component to the interface and configured to compare information received at the emulator component to a computer virus definition file and to block transmission of the information from the emulator component to the interface when the comparison indicates a match with the computer virus definition file, wherein

the device operates transparently to normal operation of the host and the storage device.

30.  (original)  The device of claim 29, wherein the logic circuit includes:

an embedded processor;

a computer memory connected to the embedded processor, the embedded processor loading program instructions from the computer memory during device initialization; and

9

MTI0000575

Exhibit 7
11

Ser.... Number: 09/961,417
Docket Number: 0032-0003

a programmable logic device (PLD) coupled to the embedded processor, the emulator component, and the interface.

31. (original)  The device of claim 29, wherein the interface is an Integrated Device Electronics (IDE) interface and the storage device is an IDE disk drive.

32. (currently amended)  A method comprising:

intercepting communications between a computer motherboard and a local non-volatile storage device for the motherboard;

comparing commands in the communications between the motherboard and the storage device to a predetermined set of commands;

forwarding selected ones of the commands to the storage device based on the comparison; and

blocking selected other ones of the commands from being received by the storage device based on the comparison, wherein

the intercepting communications, comparing commands, forwarding selected ones of the commands, and blocking selected other ones of the commands is transparent to normal operation of the computer motherboard and the storage device.

33. (original)  The method of claim 32, wherein the predetermined set of commands relate to commands that modify the storage device.

10

MTI0000576

Exhibit 7
12

*Ser.... Number: 09/961,417*
*Docket Number: 0032-0003*

34. (original) The method of claim 33, further comprising:

forwarding data from the storage device to the motherboard in response to a read command received from the motherboard and forwarded to the storage device.

35. (original) The method of claim 32, wherein the storage device is an integrated device electronics (IDE) disk drive.

36. (original) The method of claim 32, wherein the commands forwarded to the storage device include a capabilities request command, the method further comprising:

modifying data received from the storage device relating to the capabilities request command to reflect the capability of the storage device as modified by operation of the method.

37. (original) The method of claim 36, further comprising, after blocking a command:

returning status information to the motherboard that indicates that the blocked command was successfully executed by the storage device.

38. (currently amended) A computer system comprising:

a host computer;

11

MTI0000577

Exhibit 7
13

*Seri... Number: 09/961,417*
*Docket Number: 0032-0003*

a long-term storage device; and

a blocking device coupled between the host computer and the storage device, the blocking device configured to:

intercept commands from the host to the storage device,

block certain commands from reaching the storage device,

and pass other ones of the commands to the storage device,

wherein the intercepting commands, blocking certain commands, and

passing other ones of the commands are performed by the blocking

device transparently to the host computer and the long-term storage

device.

A 1

39. (currently amended) The computer system of claim 38, wherein the blocking device further includes:

an interface emulator configured to emulate the ~~interface of the~~ storage device to the host; and

an interface configured to connect the blocking device to the storage device.

40. (original) The computer system of claim 39, wherein the interface emulator emulates an Integrated Device Electronics (IDE) interface and the storage device is an IDE disk drive.

12

MTI0000578

Exhibit 7
14

*Ser. Number: 09/961,417*
*Docket Number: 0032-0003*

41. (original) The computer system of claim 38, wherein the blocked commands are commands that would otherwise modify a storage state of the storage device.

42. (original) The computer system of claim 38, wherein the blocking device receives data back from the storage device in response to one of the passed commands and forwards the received data to the host.

43. (original) The computer system of claim 38, wherein, when the passed commands include a capabilities request command relating to the storage device, the blocking device modifies data received from the storage device relating to the capabilities request command to reflect the capability of the storage device as affected by the presence of the blocking device.

44. (original) The computer system of claim 38, wherein the blocking device, after blocking one of the commands, returns status information to the host that indicates that the blocked command was successfully completed.

45. (original) The computer system of claim 38, wherein the blocking device further includes light emitting diodes (LEDs) configured to transmit status information relating to the status of the blocking device.

13

MTI0000579

Exhibit 7
15

*Ser.... Number: 09/961,417*
*Docket Number: 0032-0003*

46.  (original)  The computer system of claim 38, wherein the blocking device further includes:

a temporary storage device, the blocking device storing data from the host corresponding to blocked commands in the temporary storage device.

47.  (original)  The computer system of claim 46, wherein when read commands are received from the host that refer to data stored in the temporary storage device, the blocking device returns the data from the temporary storage device to the host.

48.  (original)  The computer system of claim 38, wherein the blocking device further includes:

a user configurable memory, the user configurable memory storing instructions that define protected areas on the storage device, the blocking device dropping those of the commands that would otherwise modify the protected areas on the storage device.

49.  (currently amended)  A blocking device comprising:

means for intercepting communications between a host and a storage device;

means for comparing commands in the communications between the host and the storage device to a predetermined set of commands;

14

MTI0000580

Exhibit 7
16

*Ser. . Number: 09/961,417*
*Docket Number: 0032-0003*

means for forwarding selected ones of commands in the intercepted communications to the storage device based on the comparison; and

means for blocking selected other ones of the commands from being received by the storage device based on the comparison, wherein

the blocking device operates transparently to normal operation of the host and the storage device.

50.  (original)  The blocking device of 49, wherein the commands blocked by the means for blocking relate to commands that modify the storage device.

51.  (original)  The blocking device of 49, wherein the storage device is an integrated device electronics (IDE) disk drive.

52.  (original)  The blocking device of 49, wherein the commands forwarded to the storage device include a capabilities request command, and the means for forwarding further comprises:

means for modifying data received from the storage device relating to the capabilities request command to reflect the capabilities of the blocking device.

53.  (original)  The blocking device of 49, further comprising:

means for returning status information to the host that indicates that the blocked command was successfully executed by the storage device.

15

MTI0000581

Exhibit 7
17

*Ser. . Number: 09/961,417*
*Docket Number: 0032-0003*

54. (new)  The blocking device of claim 3, wherein the interface emulator is configured to emulate an IEEE 1394 connection.

55. (new)  The device of claim 29, wherein the emulator component connects to the host via an IEEE 1394 connection.

56. (new)  The device of claim 39, wherein the interface emulator emulates an IEEE 1394 connection and the storage device is an IDE disk drive.

16

MTI0000582

Exhibit 7
18

Ser... Number: 09/961,417
Docket Number: 0032-0003

## REMARKS

In the Office Action of September 25, 2001, the Examiner rejected the pending claims 1-53. More particularly, the Examiner rejected claims 1, 2, 4-8, 10-14, 32-34, 36-39, 41-44, 46-50, 52, and 53 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 6,336,187 to Kern et al. (hereafter "Kern"); rejected claims 3, 9, 15, 16, 18-28, 35, 40, 45, and 51 under 35 U.S.C. § 103(a) as being unpatentable over Kern in view of Official Notice; rejected claim 17 under 35 U.S.C. § 103(a) as being unpatentable over Kern in view of U.S. Patent No. 6,216,205 to Chin et al. (hereafter "Chin"); and rejected claims 29-31 under 35 U.S.C. § 103(a) as being unpatentable over Kern in view of U.S. Patent No. 6,230,288 to Kuo et al. (hereafter "Kuo").

By this Amendment, Applicants have amended claims 1, 15, 29, 32, 38, 39, and 49 to clarify the invention and amended claims 6 and 27 to correct minor typographical errors. Additionally, claims 54-56 have been added. The new claims relate to the use of an IEEE (Firewire) connection between the device and the host. Support for these claims can be found, for example, in paragraphs 28 and 29 of the originally filed specification, which generally discloses that interfaces other than IDE, such as Firewire or other "modern" interfaces, may be used.

Claims 1, 2, 4-8, 10-14, 32-34, 36-39, 41-44, 46-50, 52, and 53 stand rejected under 35 U.S.C. § 102(e) in view of Kern. For the following reasons, Applicants respectfully traverse this rejection.

17

MTI0000583

Exhibit 7
19

Se___ Number: 09/961,417
Docket Number: 0032-0003

Claim 1, as amended, is directed to a blocking device connected between a host and a storage device. The blocking device includes an interface emulator, an interface for connecting to the storage device, and a processor. The processor performs a number of functions, including allowing only commands that match a predetermined set of commands to pass to the storage device via the interface. Additionally, as amended, claim 1 also recites that the blocking device is transparent to normal operation of the host and the storage device.

Advantages associated with transparent operation of the blocking device are discussed in numbered paragraph 38 of the specification. As discussed, the blocking device appears as a standard storage device to the host. Similarly, to the storage device, the blocking device appears to be the host. Accordingly, neither the host nor the storage device need any special hardware or software and neither the host nor the storage device need to be reconfigured in any way. The blocking device simply needs to be inserted between the host and the storage device and it is ready to operate.

Kern is directed to a storage system that provides data security via a security key that must be presented by a host before the storage controller will give the host access to the storage device(s). (Kern, abstract). The storage security of Kern is provided according to the storage region being accessed. (Kern, col. 2, lines 42-45). Although Kern states that the storage controller is "host-independent," each host of Kern includes a respective host application program, such as host application programs 110-112 (Fig. 1). (Kern, col. 4, lines 3-28). The host application programs 110-112 are specifically designed to

18

MTI0000584

Exhibit 7
20

*Se.    Number: 09/961,417*
*Docket Number: 0032-0003*

operate with controller 106, by for example, transmitting an access key to
controller 106.

In contrast to Kern, the device of claim 1 includes, among other things, an
interface emulator configured to emulate an interface presented by a storage
device. Although Kern discloses a "controller interface 120," the controller
interface 120 of Kern does not emulate an interface presented by a storage
device. The interface 120 of Kern is described as "an intelligent digital
input/output communication channel, or other interface suitable to the particular
application." (Kern, col. 4, lines 48-50). Nothing in Kern discloses or suggests
that interface 120 emulates the interface presented by storage device(s) 108.
Because Kern discloses host application programs 110-112 that are specifically
designed to operate with controller 106, Applicants submit that there would be no
need for interface 120 to emulate storage devices, as application programs 110-
112 could be designed to operate with any "intelligent digital input/output
channel." Thus, if anything, Kern actually teaches away from this aspect of the
invention.

Claim 1 further recites that the blocking device is transparent to normal
operation of the host and the storage device. Kern clearly does not disclose or
suggest this feature of the invention. As previously mentioned, the controller of
Kern operates with host application programs 110-112 that are specifically
designed for controller 106. Host application programs 110-112 are described as
transmitting an input access key with data requests. (Kern, col. 4, lines 29-29).
Additionally, Kern, in Fig. 7, describes the sequence performed by a new host in

19

MTI0000585

Exhibit 7
21

Ser... Number: 09/961,417
Docket Number: 0032-0003

order to participate in future allocation and/or data access requests. (Kern, Fig. 7
and col. 10, line 27 through col. 11, line 6). As described in these sections, a
number of explicit communication steps are taken between a new host and
controller 120 before a host can use the storage device(s) 108, including
exchanging a key (step 704) and reconfiguring the interface of the host
application (step 706). Applicants submit that this disclosure of Kern clearly
teaches away from a blocking device that is transparent to normal operation of
the host and storage device, as recited in amended claim 1.

Applicants remind the Examiner that anticipation under 35 U.S.C. § 102(e)
is present only if each and every element as set forth in the claim is found, either
expressly or inherently, in a single prior art reference. See MPEP § 2131. In the
present case, Applicants submit that Kern clearly does not disclose, or even
suggest, each element recited in claim 1. Accordingly, for at least the reasons
given above, Applicants submit that the rejection of claim 1 is improper and
should be withdrawn.

Independent claims 32, 38, and 49 recite features similar to those recited
in claim 1. Based on similar rationale as that given above, Applicants submit that
the rejection of these claims should also be withdrawn.

At least by virtue of their dependency on one of claims 1, 32, 38, and 49,
Applicants submit the rejection of dependent claims 2, 4-8, 10-14, 33, 34, 36, 37,
39, 41-44, 46-48, 50, 52, and 53 should also be withdrawn. Additionally, these
dependent claims recite features not disclosed or suggested by Kern. Claim 5,
for instance, further recites that when a command include a capabilities request

20

MTI0000586

Exhibit 7
22

Serial Number: 09/961,417
Docket Number: 0032-0003

command relating to the storage device, the processor modifies data received from the storage device relating to the capabilities request command to reflect the capability of the storage device as affected by the presence of the blocking device. The Examiner appears to contend that this feature of the invention is disclosed by Kern in the abstract and at col. 6, line 40 through col. 7, line 60. (Office Action, numbered paragraph 2). Applicants have reviewed this section of Kern, and submit that nowhere in this section does Kern disclose a capabilities request command relating to the storage device, much less modifying data received from the storage device relating to the capabilities request command to reflect the capability of the storage device as affected by the presence of the blocking device. Accordingly, for these reasons also, Applicants submit that claim 5 defines features not disclosed or suggested by Kern. Claims 36 and 43 recite features similar to claim 5, and accordingly, these claims are similarly not disclosed or suggested by Kern.

Dependent claim 6 recites that the processor drops commands that do not match the predetermined set of commands, and, after dropping one of the commands, returns status information to the host that indicates that the dropped command was successfully completed. In contrast to this claimed feature, Kern explicitly discloses returning an error condition to a requesting host when an access key does not match. (Kern, col. 10, lines 1-4). Returning an error condition is significantly different than returning information indicating that a dropped command was successfully executed. Accordingly, for these reasons also, Applicants submit that claim 6 defines features not disclosed or suggested

21

MTI0000587

Exhibit 7
23

*Se. .l Number: 09/961,417*
*Docket Number: 0032-0003*

by Kern. Claims 37 and 44 recite features similar to claim 6, and accordingly, these claims are similarly not disclosed or suggested by Kern.

Dependent claim 10 recites a temporary storage device coupled to the processor, the processor storing data from the host corresponding to the dropped commands in the temporary storage device. Although Kern may disclose storage devices in controller 106 (e.g., Fig. 1, element 124; Fig. 2, element 206), these storage devices are not disclosed or suggested by Kern as storing data from the host corresponding to the dropped commands. Instead, storage map 124 of Kern is disclosed as a table that stores data that relates to the storage access keys and permitted operations that may be performed on the various regions defined in the storage devices. (Kern, col. 5, lines 13-49). Storage 206 of Kern is disclosed as storing programming instructions used to implement controller 106. (Kern, col. 6, lines 48-62). Accordingly, for these reasons also, Applicants submit that claim 10 defines features not disclosed or suggested by Kern. Claim 46 recites features similar to claim 10, and accordingly, these claims are similarly not disclosed or suggested by Kern.

Claims 3, 9, 15, 16, 18-28, 35, 40, 45, and 51 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kern. In making these rejections, the Examiner gives Official Notice that a number of features recited in these claims are well known in the art. In particular, the Examiner states that the claim features relating to an IDE interface, the light emitting diodes (LEDs), and the programmable logic device (PLD) are well known in the art. (Office Action, numbered paragraphs 5-8).

22

MTI0000588

Exhibit 7
24

Se.  .l Number: 09/961,417
Docket Number: 0032-0003

Although Applicants do not agree that the features cited by the Examiner as being well known in the art would have been obvious modifications to the teachings of Kern, Applicants submit that even if Kern was modified as the Examiner suggests, Kern would still not disclose or suggest each feature recited in claims 3, 9, 15, 16, 18-28, 35, 40, 45, and 51.  Dependent claims 3, 9, 35, 40, 45, and 51, for example, depend from one of independent claims 1, 32, 38, or 49. Thus, at least by virtue of their dependency from one of these claims, Applicants submit that the rejection of claims 3, 9, 35, 40, 45, and 51 are improper and should be withdrawn.

Independent claim 15 and its dependent claims 16 and 18-28 were also rejected by the Examiner as being obvious over Kern in view of Official Notice. Claim 15, as amended, recites a number of features similar to claim 1. Accordingly, Applicants submit that for reasons similar to those given above relating to claim 1, Kern does not disclose or suggest each feature of claim 15. Accordingly, the rejection of claim 15 should be withdrawn.  The rejection of claims 16-28, at least by virtue of their dependency on claim 15, should also be withdrawn.

In addition, dependent claims 20, 21, and 25 recite additional features that are similar to the features recited in claims 5, 6, and 10, respectively. Accordingly, for reasons similar to those given above for claims 5, 6, and 10, in addition to the dependency of claims 20, 21, and 25 from claim 15, the rejection of claims 20, 21, and 25 should be withdrawn.

23

MTI0000589

Exhibit 7
25

Claim 17 stands rejected under 35 U.S.C. § 103(a) in view of Kern and Chin. The Examiner appears to be relying on Chin for the disclosure of a dual-port memory buffer. Applicants have reviewed Chin and submit that Chin fails to make up for the deficiencies of Kern discussed above relating to claims 1 and 15. Accordingly, at least by virtue of the dependency of this claim on claim 15, Applicants submit that the rejection of claim 15 should be withdrawn.

Claims 29-31 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kern in view of Kuo. In the rejection based on Kern and Kuo, the Examiner concedes that Kern does not disclose the virus definition file recited in claim 29, but states that this feature is disclosed by Kuo and that one of ordinary skill in the art would have found it obvious to modify Kern to include the virus definition file disclosed by Kuo. For at least the following reasons, Applicants respectfully traverse this rejection.

Claim 29, as amended, is directed to a device including an emulator component, an interface, and a logic circuit. The logic circuit connects the emulator component to the interface and is configured to compare information received at the emulator component to a computer virus definition file and to block transmission of the information from the emulator component to the interface when the comparison indicates a match with the computer virus definition file. The device operates transparently to normal operation of the host and the storage device.

Kuo discloses how to scan text files on a computer for viruses using a virus detection program. (Kuo, Abstract). More specifically, Kuo is concerned

24

MTI0000590

Exhibit 7
26

*Se.   l Number: 09/961,417*
*Docket Number: 0032-0003*

with finding and preventing viruses in the white space of text files. (Id.). The virus detection program of Kuo compares a set of virus signatures to the text files to determine whether a particular text file is infected. (Id.).

Applicants submit that the virus detection program of Kuo is a conventional computer executable file. Accordingly, if one or ordinary skill in the art were to combine the disclosures of Kern and Kuo, as the Examiner suggests, the most likely combination would be the system of Kern in which the virus detection programs of Kuo execute on hosts 102-104 of Kern. Thus, Kern, even if combined with Kuo, would not include the logic circuit recited in claim 29, which connects the emulator component to the interface of claim 29.

Additionally, Applicants submit that claim 29 recites additional features that are not disclosed or suggested by either of Kern or Kuo. In particular, as recited in claim 29, the emulator component, the interface, and logic circuit define a device that is transparent to normal operation of the host and the storage device. As discussed above relating to claim 1, the controller of Kern is not transparent to the operation of the host computer systems of Kern.

Accordingly, for at least these reasons, the rejection of claim 29 is improper and should be withdrawn. The rejection of claims 30 and 31, at least by virtue of their dependency on claim 29, is also improper and should be withdrawn.

In numbered paragraphs 14 and 15 of the Office Action, the Examiner additionally rejects claims 30 and 31 as being unpatentable over Kern and Kuo, and further in view of Official Notice. In particular, the Examiner states that the

25

MTI0000591

Exhibit 7
27

*Se. l Number: 09/961,417*
*Docket Number: 0032-0003*

claim features relating to an IDE interface and the programmable logic device (PLD) are well known in the art.

Although Applicants do not agree that the features cited by the Examiner as being well known in the art would have been obvious modifications to the teachings of Kern and Kuo, Applicants submit that even if Kern and Kuo were modified as the Examiner suggests, these patents would still not disclose or suggest each feature recited in claims 30 and 31. Thus, Applicants submit that the rejection of claims 30 and 31 are improper and should be withdrawn.

Additionally, Applicants submit that newly added claims 54-56 are not disclosed or suggested by the prior art of record. Thus, these claims should be indicated as allowable.

In view of the foregoing remarks, Applicants submit that the claimed invention is neither anticipated nor rendered obvious in view of the references cited against this application. Applicants, therefore, request the Examiner's reconsideration and reexamination of the application, and the timely allowance of the pending claims.

26

MTI0000592

Exhibit 7
28

*Se. . .l Number: 09/961,417*
*Docket Number: 0032-0003*

To the extent necessary, a petition for an extension of time under 37 C.F.R. § 1.136 is hereby made.  Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 50-1070 and please credit any excess fees to such deposit account.

Respectfully submitted,

HARRITY & SNYDER, L.L.P.

By: _____
    Brian E Ledell
    Reg. No. 42,784

Date:  November 24, 2003

11240 Waples Mill Road
Suite 300
Fairfax, Virginia 22030
Telephone: 571-432-0800
Facsimile:  571-432-0808
Customer Number:  26615

27

MTI0000593

Exhibit 7
29



2187

Patent
Attorney's Docket No.  0032-0003

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Patent Application of | ) |
| | ) |
| Steven BRESS et al. | ) Group Art Unit:  2187 |
| | ) |
| Application No.:  09/961,417 | ) Examiner:  N. V. Dinh |
| | ) |
| Filed:  September 25, 2001 | ) |
| | ) |
| For:  WRITE PROTECTION FOR | ) |
| COMPUTER LONG-TERM | ) |
| MEMORY DEVICES | ) |

RECEIVED

DEC 0 1 2003

Technology Center 2100

### AMENDMENT/REPLY TRANSMITTAL LETTER

U.S. Patent and Trademark Office
2011 South Clark Place
Customer Window, Mail Stop Fee Amendment
Crystal Plaza Two, Lobby, Room 1B03
Arlington, Virginia 22202



Sir:

Enclosed is a reply for the above-identified patent application.

☐ A Petition for Extension of Time is also enclosed.

☐ A Terminal Disclaimer and a check for ☐ $55.00 ☐ $110.00 to cover the requisite Government fee are also enclosed.

☐ Applicant(s) request continued examination under 37 C.F.R. § 1.114 and enclose

the ☐ $370.00 ☐ $740.00 fee due under 37 C.F.R. § 1.17(e).

☐ Applicant(s) previously submitted _____, on _____, for which continued examination is requested.

☐ A request for Entry and Consideration of Submission under 37 C.F.R. § 1.129(a) is also enclosed.

MTI0000594

Exhibit 7
30

Amendment/Reply Transmittal Letter
Application Serial No. 09/961,417
Attorney's Docket No. 0032-0003
Page 2

☐   No additional claim fee is required.

☒   An additional claim fee is required, and is calculated as shown below:

| AMENDED CLAIMS | | | | | |
|---|---|---|---|---|---|
| | No. of Claims | Highest No. Of Claims Previously Paid For | Extra Claims | Rate | Additional Fee |
| Total Claims | 56 | 53 | 3 | x  $18.00 = | $54.00 |
| Ind. Claims | 6 | 6 | 0 | x  $ 86.00 = | $0.00 |
| If Amendment adds multiple dependent claims, add $280.00 | | | | | $0.00 |
| Total Amendment Fee | | | | | $54.00 |
| If Small entity status is claimed, subtract 50% of Total Amendment Fee | | | | | $27.00 |
| **TOTAL ADDITIONAL FEE DUE FOR THIS AMENDMENT** | | | | | $27.00 |

☒   A claim fee in the amount of $  27.00   is enclosed.

☐   Charge $ _____ to Deposit Account no. 50-1070.

        To the extent necessary, a petition for an extension of time under 37 C.F.R. § 1.136 is hereby made.  Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account No. 50-1070 and please credit any excess fees to such deposit account.

**MTI0000595**

Exhibit 7
31

Amendment/Reply Transmittal Letter
Application Serial No. 09/961,417
Attorney's Docket No. 0032-0003
Page 3

The Commissioner is hereby authorized to charge any other appropriate fees that may be required by this paper that are not accounted for above, and to credit any overpayment, to Deposit Account No. 50-1070.

Respectfully submitted,

HARRITY & SNYDER, L.L.P.

By: _____
Brian E. Ledell
Reg. No. 42,784

11240 Waples Mill Road
Suite 300
Fairfax, Virginia 22030
(571) 432-0800
Customer Number: 26615

Date: November 24, 2003

MTI0000596

Exhibit 7
32