Exhibit 9

Case 2:13-ml-02461-GAF-PLA   Document 39-10   Filed 02/19/14   Page 2 of 14   Page ID #:2451

THOMAS A. GAFFORD                                   February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                             1

```
 1                 UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3

 4

 5   IN RE: MYKEY TECHNOLOGY,
     INC. PATENT LITIGATION
 6
     MyKey Technology, Inc.
 7
           vs.                      2:13-ml-02461-GAF
 8   (PLAx)
                                 MDL No. 2461
 9   Intelligent Computer
     Solutions, Inc.          This Document Relates to:
10                            ALL CASES
     ~~~~~~~~~~~~~~~~~~~~~~~~~
11

12                   VIDEO DEPOSITION OF

13                   THOMAS A. GAFFORD

14

15                   February 7, 2014

16                      9:42 a.m.

17

18            100 Marine Parkway, Suite 200

19               Redwood Shores, CA 94065

20

21

22

23

24

25     Susan F. Magee, RPR, CCRR, CLR, CSR No. 11661
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 9
1

Case 2:13-ml-02461-GAF-PLA   Document 39-10   Filed 02/19/14   Page 3 of 14   Page ID #:2452

THOMAS A. GAFFORD                                    February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                              2

1    APPEARANCES:

2        For the Plaintiff:

3            FREITAS, TSENG & KAUFMAN LLP

4            ROBERT E. FREITAS, ESQ.

5            QUDUS B. OLANIRAN, ESQ.

6            100 Marine Parkway

7            Suite 200

8            Redwood Shores, CA 94065

9            (650) 730-5527

10           rfreitas@ftklaw.com

11           qolaniran@ftklaw.com

12

13       For Guidance Software:

14           BAKER HOSTETLER

15           DAVID A. MANCINO, ESQ.

16           KEVIN W. KIRSCH, ESQ.

17           312 Walnut Street

18           Suite 3200

19           Cincinnati, OH 45202-4074

20           (513) 929-3495

21           dmancino@bakerlaw.com

22           kkirsch@bakerlaw.com

23                      //

24

25



Exhibit 9
2

```
 1   APPEARANCES (continued):

 2       For CRU:

 3           KOLISCH HARTWELL APC

 4           OWEN W. DUKELOW, ESQ.

 5           DAVID P. COOPER, ESQ.

 6           DESMOND KIDNEY, ESQ. (Appearing

 7           telephonically)

 8           200 Pacific Building

 9           520 S.W. Yamhill Street

10           Portland, OR 97204-1324

11           (503) 224-6655

12           dukelow@khpatent.com

13           cooper@khpatent.com

14

15       The Videographer:

16           ZACH WOJCIK

17                       --oOo--

18

19

20

21

22

23

24

25
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 9
3

 1 | you believed the structure to be; correct?

 2 |      A.  Yes.

 3 |      Q.  Having accepted the statement of function

 4 | that followed the means language, you then looked for

 5 | the structure, and you presented in Exhibit 9 what

 6 | you believe the structure to be?

 7 |      A.  Yes.

 8 |      Q.  Okay.  So for example, in the case of

 9 | Section 14.3, the means for blocking other ones of

10 | the commands from being received by the storage

11 | device based by the comparison limitation, 14.3.1

12 | presents your statement of structure; right?

13 |      A.  That's right.

14 |      Q.  And your statement of structure includes

15 | Step 430; correct?

16 |      A.  Yes.

17 |      Q.  Do you recall what the parties agreed in the

18 | ITC proceeding regarding the means for blocking other

19 | ones of the commands from being received by the

20 | storage device based on the comparison limitation?

21 |      A.  No.

22 |      Q.  Do you have any recollection whatsoever of

23 | what the parties agreed?

24 |      A.  No.

25 |      Q.  All right.  Now back to Claim 40, please, in



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 9
4

THOMAS A. GAFFORD                                    February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                            70

1    the '682 patent.  That means for blocking other ones

2    of the commands to be received by the storage device

3    based on the comparison, and then in the actual claim

4    there is comma wherein.

5          Do you see that?

6          A.  Yes.

7          Q.  That's the limitation that -- for which you

8    are presenting a construction in Section 14.3 of your

9    report; right?

10         A.  Yes.

11         MR. KIRSCH:  Object as to form.

12         BY MR. FREITAS:  Q.  And so --

13         A.  Hang on.  Let me make sure the language is

14   identical --

15         Q.  Please do.

16         A.  -- because I don't identify the particular

17   claim here.  I see other ones.

18         Yeah.  That's the same language.  The 14.3

19   language is the same as the means for blocking

20   language in 40.

21         Q.  Okay.  And so that means that in your

22   opinion the means for blocking in Claim 40 include

23   Step 430; correct?

24         A.  Yes.

25         Q.  And that means that Claim 40 claims the



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 9
5

THOMAS A. GAFFORD                                        February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                            74

```
 1  section of which I think he's an officer.

 2      Q.  What was Mr. Berg's role?

 3      A.  Don't recall.

 4      Q.  All right.  Could you take a look, please,

 5  at the '682 patent and specifically Claim 44.

 6          Do you have that in front of you?

 7      A.  I do.

 8      Q.  Claim 44 is a dependent claim?

 9      A.  It is.

10      Q.  And it depends from Claim 2?

11      A.  Yes.

12      Q.  Claim 2 in turn depends from Claim 1; right?

13      A.  Yeah.  Let me refresh my recollection

14  about --

15      Q.  Sure.

16      A.  -- what they look like.

17          Right.  Two adds that the interface -- let's

18  see.  See, right.  That the blocking device has --

19          MR. KIRSCH:  I don't think there's a

20  question pending.

21          THE WITNESS:  I see its structure.

22          BY MR. FREITAS:  Q.  So you agree that Claim

23  2 is a dependent claim depending from Claim 1?

24      A.  It is.

25      Q.  Okay.  In Claim 44 the interface emulator of
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 9
6

1     Q.  That's how you construe it?

2     A.  It's no construction.  It's the literal

3  language of the claim.

4     Q.  And then in the second limitation of Claim 1

5  there's an interface for connecting to the storage

6  device?

7     A.  Yes.

8     Q.  Is that interface present in the first

9  limitation of Claim 1?

10        MR. KIRSCH:  Objection as to form.

11        THE WITNESS:  No.  I think it's an

12  interface.  It's a new element.  It's a new

13  recitation.

14        BY MR. FREITAS:  Q.  All right.  Then we

15  move to Claim 2, and it says the interface.

16        Can you tell me these -- and if you can't,

17  say you can't -- what the antecedent of the interface

18  of Claim 2 is?

19        MR. KIRSCH:  Objection as to form.  Calls

20  for legal conclusion.

21        THE WITNESS:  As I'm not a lawyer, as a lay

22  engineer with some training in interpret --

23  understanding claims in the light of the law about

24  understanding claims, I don't know what the

25  antecedent to the interface in 2 is up in 1.



Exhibit 9
7

 1  number of things about transparency.  That's one of

 2  them.

 3          BY MR. FREITAS:  Q.  Okay.  Do you agree

 4  that the sentence, "In other words, Blocking Device

 5  203 is transparent to the system," what that means is

 6  that the words that appear immediately before that

 7  are a description of what "transparent to the system"

 8  means?

 9          MR. KIRSCH:  Objection.  Calls for legal

10  conclusion.  Object as to form.

11          THE WITNESS:  As far as an English sentence,

12  the "in other words" is could be read as restating

13  what came in the previous sentence.

14          BY MR. FREITAS:  Q.  Well, that's the way

15  "in other words" should be read, isn't it?

16          MR. KIRSCH:  Object.  Calls for legal

17  conclusion.  Object as to form.

18          THE WITNESS:  That's the way this aspect --

19  that's the way I believe the inventors intended these

20  couple of sentences to be read, yes.

21          BY MR. FREITAS:  Q.  Okay.  Now, back to

22  Exhibit 9, please, which is a copy of your expert

23  report regarding construction of claim terms.

24          I believe the first place where you express

25  an opinion is on page 3; is that right?  Apart from



Exhibit 9
8

1      Q.   Sure.

2      A.   Okay.  "Transparent" at the end of 1;

3   "transparently" at the end of 13; "transparent to

4   normal operation" at the end of 25; "transparently"

5   in 30; "transparently" in 40.

6           That's the last independent.  All right.  So

7   "transparently" equals independent claims.

8      Q.   "Transparently" or "transparent"?

9      A.   Yeah.  So they -- this Figure 8 supports

10  those claims as an embodiment, and -- but what it

11  takes to practice temp drive is one way I know of

12  meeting the limitation transparently.  And as I

13  explained to you at some length in my claim

14  construction deposition in the ITC matter, there

15  might be others, but I have no idea what they are.

16     Q.   So you're not aware of any other way?

17     A.   That's correct.

18     Q.   And the reason that you think that the temp

19  drive embodiment that appears in Figure 8 is a way to

20  practice the independent claims is because you

21  believe that the proper construction of "transparent"

22  or "transparently" requires that when a write command

23  is issued the data are actually written such that

24  they can be read back; correct?

25          MR. KIRSCH:  Object as to form.



Exhibit 9
9

THOMAS A. GAFFORD                                           February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                                169

```
 1   referring to low-level formatting where you lay out

 2   the sector headers and things like that.  I'm

 3   referring to data, the arrangement of data on the

 4   drive.  Not in the low-level formatting.

 5         Do you understand that to be my context?

 6     Q.  I wasn't sure, but I understand what you're

 7   saying now.

 8     A.  Okay.  So --

 9     Q.  And part of my question I asked it the way I

10   asked it, but I could have asked it a different way

11   in an attempt to get at what I'm interested in by

12   asking, why did you say "formatted" and "arranged"

13   and how is "formatted" different from "arranged"?

14     A.  It is -- it's another word.  It isn't really

15   different.  It doesn't mean -- this is -- the drive's

16   appearance -- the availability of the data in the

17   copied drive, the destination drive, is as perceived

18   by the host.  And so the host doesn't care about

19   low-level formatting down at the sector header level,

20   all that magic that goes into disk controllers.

21   That's not what this is about.  Formatting/arranging

22   are euphemisms.  I'm not sure they mean anything very

23   different from each other, but it doesn't mean that

24   low-level stuff.

25     Q.  So you didn't intend any real difference
```



Exhibit 9
10

Case 2:13-ml-02461-GAF-PLA   Document 39-10   Filed 02/19/14   Page 12 of 14   Page ID #:2461

THOMAS A. GAFFORD                                    February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                      170

 1   between formatted and arranged.

 2         Is that fair?

 3     A.  Well, we'll find out if I did, but I'm just

 4   telling you what it does -- what formatting doesn't

 5   mean.  Now I'll finish reading here and --

 6     Q.  Okay.

 7     A.  Okay.  The support for "arranged" is in

 8   15.4.3, and it comes from the provisional.  I'm not

 9   going to go -- I'm not going to dive into it.  I'm

10   just going to give you a higher-level view right now.

11   That's "arranged."

12         Now I'm going to look for "formatted."

13     Q.  Can you just show me where you found

14   "arranged"?

15     A.  "Arranged" is in the 15.4.3 on page 11.

16   It's -- pretty much the middle of the paragraph is

17   where it's mentioned.  Actually, it's mentioned in

18   the first sentence.

19     Q.  First sentence of what?

20     A.  First sentence of the Section 15.4.3.

21     Q.  Oh.  I see the quote in 15.4.3 that includes

22   the word "arranged."

23     A.  Yeah.  That's -- this is the arranged

24   support.  Now I'll keep looking for "format."

25     Q.  Yeah.  You're quoting there in 15.4.3 from



Exhibit 9
11

THOMAS A. GAFFORD                                    February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                          230

```
 1              REPORTER'S CERTIFICATION

 2           I, the undersigned, a Certified Shorthand

 3   Reporter of the State of California, do hereby

 4   certify:

 5           That the foregoing proceedings were taken

 6   before me at the time and place herein set forth;

 7   that any witnesses in the foregoing proceedings,

 8   prior to testifying, were administered an oath; that

 9   a record of the proceedings was made by me using

10   machine shorthand which was thereafter transcribed

11   under my direction; that the foregoing transcript is

12   a true record of the testimony given.

13           Further, that if the foregoing pertains to

14   the original transcript of a deposition in a Federal

15   Case, before completion of the proceedings, review of

16   the transcript [ ] was [ ] was not requested.

17           I further certify I am neither financially

18   interested in the action nor a relative or employee

19   of any attorney or any party to this action.

20           IN WITNESS WHEREOF, I have on

21   February 11, 2014 subscribed my name.

22
```



```
23

24   _____

25           Susan F. Magee, RPR, CCRR, CLR
             CSR No. 11661
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 9
12

THOMAS A. GAFFORD                                    February 07, 2014
MYKEY TECH vs. INTELLIGENT COMPUTER SOL                            231

```
 1                    DEPOSITION ERRATA SHEET

 2   Our Assignment No. 82646
     Case Caption:  In Re: MyKey Technology, Inc. Patent
 3   Litigation

 4              DECLARATION UNDER PENALTY OF PERJURY

 5

 6         I declare under penalty of perjury that I

 7   have read the entire transcript of my deposition

 8   taken in the captioned matter or the same has been

 9   read to me, and the same is true and accurate, save

10   and except for changes and/or corrections, if any, as

11   indicated by me on the DEPOSITION ERRATA SHEET

12   hereof, with the understanding that I offer these

13   changes as if still under oath.

14         Signed on the _____ day of

15   _____, 2014.

16

17

18

19                    _____

20                         THOMAS A. GAFFORD

21

22

23

24

25
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 9
13