Exhibit 11

## UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.

### Before the Honorable Charles E. Bullock
### Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN COMPUTER FORENSIC DEVICES AND PRODUCTS CONTAINING THE SAME** | **Investigation No. 337-TA-799** |

## UPDATED JOINT PROPOSED CLAIM CONSTRUCTION CHART

Pursuant to Order No. 10, the Investigative Staff, Complainant MyKey Technology Inc. ("MyKey"), and Respondents Data Protection Solutions by Arco ("Arco"); CRU Acquisitions Group LLC and CRU-DataPort LLC (together, "CRU"); Digital Intelligence, Inc. ("Digital Intelligence"); Guidance Software, Inc. and Guidance Tableau LLC (together, "Guidance"); Ji2, Inc. ("Ji2"); MultiMedia Effects, Inc. ("MultiMedia"); and YEC Co. Ltd ("YEC") (together, "YEC") (collectively, "Parties") submit their Updated Joint Proposed Claim Construction Chart, attached hereto as Exhibit A.

Dated: January 27, 2012                    Respectfully submitted,

_/s/ Qudus B. Olaniran_____
Robert E. Freitas
Kai Tseng
James Lin
Catherine Y. Lui
Qudus B. Olaniran
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone:  (650) 593-6300

Exhibit 11
1

Facsimile:  (650) 593-6301

David Foster
James Altman
FOSTER, MURPHY, ALTMAN & NICKEL, PC
1899 L Street, NW, Suite 1150
Washington, DC 20036
Telephone:  (202) 223-6220
Facsimile:  (202) 822-4199

*Counsel for Complainant MyKey Technology Inc.*

*/s/ Alejandro Menchaca*
Alejandro Menchaca
Sarah A. Kofflin
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois  60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100
digital-itc@mcandrews-ip.com

*Counsel for Respondent Digital Intelligence, Inc.*

2

Exhibit 11
2

/s/ Aimee E. Dominguez
Aimee E. Dominguez
DOMINGUEZ LAW GROUP
3250 Wilshire Boulevard
Suite 1750
Los Angeles, CA 90010
Telephone:  (213) 487-8510
Facsimile:  (213) 487-8511
Email:  aimee@dominguezlawgroup.com

*Counsel for Respondent Data Protection Solutions
by Arco*


/s/ William C. Bergman
BAKER & HOSTETLER LLP
William C. Bergmann
A. Neal Seth
1050 Connecticut Avenue NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783

Kevin W. Kirsch
David A. Mancino
John F. Bennett
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
Phone: 513-929-3400
Facsimile: 513-929-0303
Email: Guidance799@bakerlaw.com

*Attorneys for Respondents Guidance Software, Inc.
Guidance Tableau LLC*

/s/Jason S. Jackson
KUTAK ROCK LLP
Lizbeth R. Levinson
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, DC  20036
Phone:  (202) 828-2400
Facsimile: (202) 828-2488
Email:  liz.levinson@kutakrock.com

Jason S. Jackson
1650 Farnam Street
Omaha, NE 68102
Phone:  (402) 346-6000
Facsimile:  (402) 346-1148
Email:  Jason.Jackson@kutakrock.com

*Counsel for YEC Co., Ltd, Ji2, Inc., and
MultiMedia Effects, Inc.*

/s/ Owen W. Dukelow
David P. Cooper (Email: cooper@khpatent.com)
Owen W. Dukelow (Email: owen@khpatent.com)
Carla Todenhagen (Email: carla@khpatent.com)
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone:  503-224-6655
Facsimile:  503-295-6679

*Attorneys for Respondents CRU Acquisition Group
LLC and CRU-DataPort LLC*

4

Exhibit 11
4

# EXHIBIT A

Exhibit 11
5

Exhibit A – Updated Joint Proposed Claim Construction Chart

I.     U.S. Patent No. 6,813,682

A.     Agreed Constructions

| Term | Agreed Construction |
|------|---------------------|
| "means for intercepting communications between a host and a storage device" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function:** intercepting communications between a host and a storage device.<br><br>**Structure:** an interface emulator 320, 820, 920, and equivalents thereof. |
| "means for blocking other ones of the commands from being received by the storage device based on the comparison" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function:** blocking other ones of the commands from being received by the storage device based on the comparison.<br><br>**Structure:** a processor programmed to perform step 420 of Fig. 4, and equivalents thereof. |
| "means for modifying data received from the storage device relating to the capabilities request command to reflect the capabilities of the blocking device" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function:** modifying data received from the storage device relating to the capabilities request command to reflect the capabilities of the blocking device.<br><br>**Structure:** a processor programmed to perform steps 450 and 480 of Fig. 4, and equivalents thereof. |
| "means for returning status information to the host that | This term is subject to 35 U.S.C. § 112(6). |

Exhibit 11
6

| Term | Agreed Construction |
|---|---|
| indicates that the blocked command was successfully executed by the storage device" | **Function:** returning status information to the host that indicates that the blocked command was successfully executed by the storage device.<br><br>**Structure:** a processor programmed to perform step 430 of Fig. 4 and the algorithm described in 6:16-25, 6:33-47, and 12:33-45, and equivalents thereof. |

**B.      Disputed Constructions**

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| "interface emulator" | This claim term does not require construction and should be afforded its ordinary and customary meaning, which is "a component that emulates an interface." | "a non-intelligent interface component that mimics another interface and operates with no reconfiguration of the host software" | "an interface component that mimics another interface and operates with no reconfiguration of the host software" |
| "transparent to normal operation [of the host and the storage device]" and "transparently to normal operation [of the host and the IDE storage device]" and "transparent to normal operation [of the computer motherboard and the storage | "the blocking device appears to the host as a storage device and appears to the storage device as a host" | "the blocking device operates in a way that all normal operations of the host and all normal operations of the storage device continue when the blocking device is interposed between them with no reconfiguration of the host and/or the storage device" | "the blocking device operates in a way that all normal operations of the host and all normal operations of the storage device continue when the blocking device is interposed between them with no reconfiguration of the host and/or the storage |

2

Exhibit 11
7

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| device]" and "transparently to [the host computer and the long-term storage device]" and "transparently to normal operation [of the host and the storage device]" | | | device" |
| "interface emulator configured to emulate an interface presented by a storage device and configured to connect to a host" | This claim term does not require construction and should be afforded its ordinary and customary meaning. | "a non-intelligent interface component, separate from the processor, configured to present to the host an interface identical to the interface of the storage device connected to the blocking device, and that operates with no reconfiguration of the host software" | None. |
| "means for comparing commands in the communications between the host and the storage device to a predetermined set of commands" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: The parties agree that the function is the claim language.<br><br>**Structure**: a processor programmed to perform steps 420, 440, and 460 in Fig. 4, and equivalents thereof. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: The parties agree that the function is the claim language.<br><br>**Structure**: a processor programmed to perform steps 420, 440, 450, and 460 in Fig. 4, and equivalents thereof. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: The parties agree that the function is the claim language.<br><br>**Structure**: a processor programmed to perform steps 420, 440, 450, and 460 in Fig. 4, and equivalents thereof. |

3

Exhibit 11

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| "means for forwarding selected ones of commands in the intercepted communications to the storage . . . known to not permanently modify a state of the storage device" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: The parties agree that the function is the claim language.<br><br>**Structure**: a processor programmed to perform step 470 in Fig. 4, and equivalents thereof. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: The parties agree that the function is the claim language.<br><br>**Structure**: a processor programmed to perform steps 470 and 480 in Fig. 4, and equivalents thereof. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: The parties agree that the function is the claim language.<br><br>**Structure**: a processor programmed to perform step 470 and 480 in Fig. 4, and equivalents thereof. |

## II.     U.S. Patent No. 7,159,086

### A.     Agreed Constructions

| Term | Agreed Construction |
|---|---|
| "exact copy" | "a copy that includes all of the data that resides on a long-term memory device, including any data in hidden areas" |
| "hidden areas" and "hidden area" | "an area on a long-term memory device that is not counted towards a reported size of the device, such as a Host Protected Area and/or a Device Configuration Overlay" |
| "user controllable switch" | "a switch that can be controlled by a user of the device." |
| "means for interfacing with a source drive" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: interfacing with a source drive. |

4

Exhibit 11
9

| Term | Agreed Construction |
|---|---|
|  | **Structure**: Source drive interface circuitry 1030, Interface connector 1040, and Drive cable 610 in Figs. 1 and 6, and equivalents thereof. |
| "means for interfacing with one or more destination devices" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: interfacing with one or more destination devices.<br><br>**Structure**: Destination drive interface circuitry 1050, Interface connector 1060, and Drive cable 630 in Figs. 1 and 6, and equivalents thereof. |
| "means [for] initiating the copying procedure" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: initiating the copying procedure.<br><br>**Structure**: a switch and equivalents thereof. |
| "means for comparing the size of the source device to the size of a destination device and communicating result to a user" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: comparing the size of the source device to the size of a destination device and communicating result to a user.<br><br>**Structure**: (a) processor 4010 or 7000 programmed to perform steps 3020, 3040, 3050 of Fig. 3, and (b) status LEDs 4020 in Fig. 4, or a printer, printer communication circuitry 1090 and printer communication interface 1100, and equivalents thereof. |
| "means for making an exact copy" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: making an exact copy.<br><br>**Structure**: a processor programmed to perform step 3070 in Fig. 3, and equivalents thereof. |

5

Exhibit 11
10

| Term | Agreed Construction |
|---|---|
| "means for reading and comparing the data on the source and destination devices and communicating result to a user" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: reading and comparing the data on the source and destination devices and communicating result to a user.<br><br>**Structure**: a processor programmed to perform step 3075 in Fig. 3, and equivalents thereof. |
| "means for indicating areas on a source device that were unreadable" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: indicating areas on a source device that are unreadable.<br><br>**Structure**: a processor 4010 or 7000, and status LEDs 4020 in Fig. 4, or a printer, Printer Communication Circuitry 1090 and Printer Communication Interface 1100, and equivalents thereof. |

**B.     Disputed Constructions**

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| "stand-alone, dedicated function [copying] device" | This term should be afforded its plain and ordinary meaning: "a physical device, which is not a general purpose computer system, that stands apart from the source drive and the one or more destination devices whose hardware and software is | "a physical device, which is not a general purpose computer system, that stands apart from the source drive and the one or more destination devices whose hardware and software is dedicated to making exact copies of long-term memory | This is a limitation that should be given its plain and ordinary meaning: "a physical device, which is not a general purpose computer system, that stands apart from the source drive and the one or more destination devices whose hardware and |

6

Exhibit 11
11

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| | dedicated to making exact copies of long term memory devices." | devices without additional hardware or software components, and not reconfigurable to perform any other function by an end user." | software is dedicated to making exact copies of long term memory devices." |
| "control circuit issuing commands to . . . read and compare data on the source and destination devices" | This claim term does not require construction and should be afforded its ordinary and customary meaning. | "commands are issued to the source and destination devices so that, on a unit by unit basis, each unit of data on the source device is read and compared with each unit of corresponding data on the destination device" | This claim term does not require construction and should be given its ordinary and customary meaning, which is: "a circuit coupled between the source interface and the destination interface(s), which issues commands to read the data from source drive, read the data from the destination device(s), and compare the data read from the source drive with the data read from the destination device(s)." |
| "control circuit issuing commands to . . . restore the source drive to its original condition" | This claim term does not require construction and should be afforded its plain and ordinary meaning, which is "a circuit coupled between the source interface and the destination interface[s], which | "commands are issued to the source drive, automatically after copying, to restore the drive to its unaltered state after the source device has been altered to provide access to hidden areas" | Plain and ordinary meaning, which is "a circuit coupled between the source interface and the destination interface[s], which issues commands to the source drive to restore the source drive to the condition the |

Exhibit 11
12

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| | issues commands to the source drive to restore the source drive to the condition the source drive was in prior to when the control circuit issues the command to open hidden areas on the source drive." | | source drive was in prior to when the control circuit issues the command to open hidden areas on the source drive." |
| "means for opening hidden areas on the source device". | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: opening hidden areas on the source device.<br><br>**Structure**: a processor programmed to issue a command to the source device to make hidden data available to be read from the source drive by changing the reported size of the source device to allow data to be read from the entire source drive. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: opening hidden areas on the source device.<br><br>**Structure**: Respondents contend that this element lacks sufficient structure and so violates 35 U.S.C. 112. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: opening hidden areas on the source device.<br><br>**Structure**: a processor programmed to issue a command to the source device to make hidden data available to be read from the source drive by changing the reported size of the source device to allow data to be read from the entire source drive. |
| "means for restoring the source device to its original condition" | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: restoring the source device to its original condition. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: restoring the source device to its original condition. | This term is subject to 35 U.S.C. § 112(6).<br><br>**Function**: restoring the source device to its original condition. |

8

Exhibit 11
13

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| | **Structure**: processor programmed as set forth in 4:54-60 of the '086 patent OR processor and flash memory, where the processor is programmed (1) to, prior to accessing the hidden area(s) on that source drive(s), instruct the flash memory to store information about an original configuration of a source drive(s) associated with a unique identification number(s) for that source drive(s) and (2) to, after accessing the hidden area(s) on that source drive(s), access the stored information about the original configuration of the source drive(s) stored in the flash memory by referencing the unique identification number associated with that source drive(s) and (3) to instruct the source drive(s) to restore itself to the original configuration. | **Structure**: Respondents contend that this element lacks sufficient structure and so violates 35 U.S.C. 112. | **Structure**: processor and flash memory, where the processor is programmed (1) to, prior to accessing the hidden area(s) on that source drive(s), instruct the flash memory to store information about an original configuration of a source drive(s) associated with a unique identification number(s) for that source drive(s) and (2) to, after accessing the hidden area(s) on that source drive(s), access the stored information about the original configuration of the source drive(s) stored in the flash memory by referencing the unique identification number associated with that source drive(s) and (3) to instruct the source drive(s) to restore itself to the original configuration. |

9

Exhibit 11
14

### III.     U.S. Patent No. 7,228,379

####     A.     Agreed Constructions

| Term | Agreed Construction |
|---|---|
| "hidden storage area" | "an area on a long-term memory device that is not counted towards a reported size of the device, such as a Host Protected Area and/or a Device Configuration Overlay" |
| "user controllable switch" | "a switch that can be controlled by a user of the device." |

####     B.     Disputed Constructions

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| "stand-alone, dedicated function device" | This term should be afforded its plain and ordinary meaning:<br>"a physical device, which is not a general purpose computer system, that stands apart from a long-term memory component and is dedicated to irretrievably remove data from the long-term memory component." | "a physical device, which is not a general purpose computer system, that stands apart from the source drive and the one or more destination devices whose hardware and software is dedicated to irretrievably remove data from a long-term memory without additional hardware or software components, and not reconfigurable to perform any | "a physical device, which is not a general purpose computer system, that stands apart from the source drive and the one or more destination devices and is dedicated to irretrievably remove data from a long-term memory without additional hardware or software components, and not reconfigurable to perform any other function by an end user" |

10

Exhibit 11
15

| Term | MyKey's Proposed Construction | Respondents' Proposed Construction | Staff's proposed Construction |
|---|---|---|---|
| | | other function by an end user" | |
| "irretrievably remove data" | This claim term does not require construction and should be afforded its plain and ordinary, which is: "remove data permanently such that it may not be recovered by any known methods." | "to eliminate previously recorded information such that it is unrecoverable, by doing more than merely writing one or more data patterns to the data areas" | Plain and ordinary meaning, which is: "remove data permanently such that it may not be recovered by any known methods." |
| "the control circuit is further configured to open a hidden area . . . before irretrievably removing data" | Plain and ordinary meaning. | "the control circuit automatically opens a hidden storage area on the long-term memory component before irretrievably removing the data in response to the user's actuation of the switch to command irretrievable removal of all data" | Plain and ordinary meaning |

Exhibit 11

*In the Matter of* Certain Computer Forensic Devices and Products Containing the Same

Inv. No. 337-TA-799

## CERTIFICATE OF SERVICE

I, Elizabeth Kim, hereby certify that the attached **UPDATED JOINT PROPOSED CLAIM CONSTRUCTION CHART** has been served upon the following parties via first class mail and air mail where necessary on January 27, 2012.

| | |
|---|---|
| The Honorable James Holbein<br>Secretary<br>U.S. International Trade Commission<br>500 E Street, S.W., Rm 112A<br>Washington, DC 20436 | [ x ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[   ] Via First Class Mail<br>[   ] Via Electronic Mail |
| The Honorable Charles E. Bullock<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Rm. 317<br>Washington, DC 20436<br>*Courtesy copy via e-mail to* Irina.Kushner@usitc.gov | [   ] Via Electronic Filing<br>[ x ] Via Hand Delivery<br>[   ] Via Federal Express (2 copies)<br>[   ] Via First Class Mail<br>[ x ] Via Electronic Mail |
| Daniel E. Valencia, Esq.<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E. Street, S.W., Room 401-O<br>Washington, D.C. 20436<br>*Via e-mail to* daniel.valencia@usitc.gov | [   ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[   ] Via First Class Mail<br>[ x ] Via Electronic Mail |
| **CRU ACQUISITIONS GROUP LLC and CRU-DATA PORT LLC** | |
| David P. Cooper<br>Owen D. Dukelow<br>Carla C. Todenhagen<br>Kolisch Hartwell P.C.<br>520 SW Yamhill Street, Suite 200<br>Portland, Oregon 97204<br><br>*Via e-mail to* coop@khpatent.com;<br>owen@khpatent.com; rdsefiling@mnat.com | [   ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[   ] Via First Class Mail<br>[ x ] Via Electronic Mail |

Exhibit 11
17

*In the Matter of* Certain Computer Forensic
Devices and Products Containing the Same

Inv. No. 337-TA-799

| DATA PROTECTION SOLUTIONS BY ARCO | |
|---|---|
| Aimee E. Dominguez<br>Dominguez Law Group<br>3250 Wilshire Blvd., Suite 1750<br>Los Angeles, CA  90010<br><br>Lizbeth R. Levinson<br>Kutak Rock LLP<br>1101 Connecticut Avenue, N.W., Suite 100<br>Washington, DC 20036-4374<br><br>*Via e-mail to* Aimee@dominguezlawgroup.com;<br>liz.levinson@kutakrock.com | [   ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[   ] Via First Class Mail<br>[ x ] Via Electronic Mail |
| **DIGITAL INTELLIGENCE, INC.** | |
| Alejandro Menchaca<br>Sarah A. Kofflin<br>MCANDREWS, HELD & MALLOY, LTD.<br>500 West Madison Street, 34th Floor<br>Chicago, Illinois 60661<br>Telephone: (312) 775-8000<br>Facsimile: (312) 775-8100<br>digital-itc@mcandrews-ip.com | [   ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[   ] Via First Class Mail<br>[ x ] Via Electronic Mail |
| **DISKOLOGY, INC.** | |
| 9350 Eton Avenue<br>Chatsworth, CA 91311 | [   ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[ x ] Via First Class Mail<br>[   ] Via Electronic Mail |
| **GUIDANCE SOFTWARE, INC. and GUIDANCE TABLEAU LLC** | |
| William C. Bergman<br>A. Neal Seth<br>Baker & Hostetler LLP<br>1050 Connecticut Avenue NW<br>Washington, DC 20036<br><br>Kevin W. Kirsch<br>David A. Mancino<br>John F. Bennett<br>Baker & Hostetler LLP | [   ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[   ] Via First Class Mail<br>[ x ] Via Electronic Mail |

DMS:100677.1

2

Exhibit 11
18

*In the Matter of* Certain Computer Forensic
Devices and Products Containing the Same

Inv. No. 337-TA-799

| | |
|---|---|
| 312 Walnut Street, Suite 3200<br>Cincinnati, OH  45202<br><br>*Via e-mail to* Guidance799@bakerlaw.com | |
| **Ji2, INC., MULTIMEDIA EFFECTS, INC., and YEC CO.LTD** | |
| Lizbeth R. Levinson<br>Kutak Rock LLP<br>1101 Connecticut Avenue, N.W., Suite 100<br>Washington, DC 20036-4374<br><br>*Via e-mail to* liz.levinson@kutakrock.com | [   ] Via Electronic Filing<br>[   ] Via Hand Delivery<br>[   ] Via Federal Express<br>[   ] Via First Class Mail<br>[ x ] Via Electronic Mail |

*/s/ Elizabeth Kim*
　Elizabeth Kim

DMS:100677.1

3

Exhibit 11
19



**UNITED STATES**
**INTERNATIONAL TRADE COMMISSION**

## Notice of Receipt of Electronic Documents

This message acknowledges receipt by the US International Trade Commission of the document described by the following data. This receipt does not indicate acceptance or rejection of the document. You will receive notification of acceptance or rejection by USITC after your submission has been reviewed by the Office of the Secretary to the Commission. Please print this page for your records.



| Document Filing Information | SOURCE TYPE: Electronic Submission |
|---|---|
| Document Number | 470233 |

| Security Level | Public |
|---|---|
| Official Receive Date | 01/27/2012 04:48 PM |
| System Receive Date | 01/27/2012 04:48 PM |
| Document Type | Other |
| Document Title | Updated Joint Proposed Claim Construction Chart |
| Document Date | 01/27/2012 |
| OSE Alert Flag ☐   Party Served ☑ | |

| Investigation Information | Investigation Number: 337-799 |
|---|---|
| Investigation Phase | Violation |
| Investigation Type | Sec 337 |
| Investigation Title | Certain Computer Forensic Devices And Products Containing The Same; Inv. No. 337-TA-799 |

| Submitter Information | |
|---|---|
| Filed By | Qudus Olaniran |
| Firm / Organization | Freitas Tseng Baik and Kaufman LLP |
| Filed On Behalf Of | Joint |
| Submitted By | qolaniran1 |

| Attachments |
|---|

| File Id | # | File Name | Title | Size |
|---|---|---|---|---|
| 714296 | 1 | 2012.01.27 [Joint] Updated Proposed Claim Chart.pdf | Updated Joint Proposed Claim Construction Chart | 94.5 KB |

Do you have a question for the EDIS Help Desk? Please call 202-205-EDIS (3347) or to email your question click Contact Us.

**USA.gov**
Government Made Easy

500 E Street, SW, Washington, DC 20436 :: Phone 202.205.2000 :: TDD 202.205.1810

privacy policy :: accessibility policy :: equal employment opportunity :: freedom of information act :: ethics :: acrobat reader

Exhibit 11
20