1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10           WESTERN DIVISION – LOS ANGELES

11

| | |
|---|---|
| 12  IN RE: MYKEY TECHNOLOGY<br>INC. PATENT LITIGATION<br><br>13<br><br>14  MyKey Technology Inc.,<br><br>15           v.<br><br>16  Intelligent Computer Solutions, Inc.,<br><br>17           Defendants.<br><br>18<br><br>19<br><br>20 | 2:13-ml-02461-GAF (PLAx)<br><br>MDL NO. 2461<br><br>This Document Relates to:<br>MyKey Technology, Inc., v. Data<br>Protection Solutions by Arco, et al.<br>Case No. 2:13-CV-2476-GAF (PLAx)<br><br>**PROTECTIVE ORDER<br>GOVERNING THE DESIGNATION<br>AND HANDLING OF<br>CONFIDENTIAL MATERIALS** |

21

22

23

24       Having reviewed and considered Plaintiff MyKey Technology, Inc.'s and

25  Defendants Guidance Software, Inc.'s and Guidance-Tableau, LLC's "Stipulation

26  for Protective Order Governing the Designation and Handling of Confidential

27  Materials" ("Stipulated Protective Order"), the Court hereby enters the Stipulated

28  Protective Order as follows:

1    1.    ORDER AND STATEMENT OF GOOD CAUSE

2            Disclosure and discovery activity in this action are likely to involve

3    production of highly sensitive financial or business information or proprietary

4    information that derives independent economic value, actual or potential, from not

5    being generally known to the public or to other persons who can obtain economic

6    value from its disclosure or use; and is the subject of efforts that are reasonable

7    under the circumstances to maintain its secrecy, and for which special protection

8    from public disclosure and from use for any purpose other than prosecuting this

9    litigation would be warranted.  Such information likely will include, among other

10   things, sensitive product information, product design and development materials,

11   engineering materials, marketing and sales information, purchase orders, invoices,

12   distributor information, and customer information relating to write blocking

13   devices, duplicator devices, and data removal devices.  Accordingly, the parties

14   hereby stipulate to and petition the court to enter the following Stipulated Protective

15   Order. The parties acknowledge that this Order does not confer blanket protections

16   on all disclosures or responses to discovery and that the protection it affords from

17   public disclosure and use extends only to the limited information or items that are

18   entitled to confidential treatment under the applicable legal principles. The parties

19   further acknowledge, as set forth in Section 14.4 below, that this Stipulated

20   Protective Order does not entitle them to file confidential information under seal;

21   L.R. 79-5 sets forth the procedures that must be followed and the standards that will

22   be applied when a party seeks permission from the court to file material under seal.

23            Good cause exists to enter the instant Stipulated Protective Order to protect

24   such confidential information from public disclosure.  The confidential information

25   includes information that could be used by actual or potential competitors to gain a

26   competitive advantage in the marketplace.

27            Accordingly, based upon the agreement of the parties and for good cause

28   shown, IT IS HEREBY ORDERED that whenever, in the course of these

proceedings, any Party or Non-Party has occasion to disclose information deemed in good faith to constitute confidential information, the parties and any such non-party shall employ the following procedures:

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or iCounsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The labels "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" and "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall be viewed to be synonymous and as defined according to the limitation set forth above.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   <u>Trade Secret</u>: Pursuant to California Civil Code section 3426.1 (d): "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its

1  disclosure to a Receiving Party as a result of publication not involving a violation

2  of this Order, including becoming part of the public record through trial or

3  otherwise; and (b) any information known to the Receiving Party prior to the

4  disclosure or obtained by the Receiving Party after the disclosure from a source

5  who obtained the information lawfully and under no obligation of confidentiality to

6  the Designating Party. Any use of Protected Material at trial shall be governed by a

7  separate agreement or order.

8  4.      DURATION

9       Even after final disposition of this litigation, the confidentiality obligations

10  imposed by this Order shall remain in effect until a Designating Party agrees

11  otherwise in writing or a court order otherwise directs. Final disposition shall be

12  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

13  or without prejudice; and (2) final judgment herein after the completion and

14  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

15  including the time limits for filing any motions or applications for extension of time

16  pursuant to applicable law.

17  5.      DESIGNATING PROTECTED MATERIAL

18       5.1     Exercise of Restraint and Care in Designating Material for Protection.

19  Each Party or Non-Party that designates information or items for protection under

20  this Order must take care to limit any such designation to specific material that

21  qualifies under the appropriate standards. To the extent it is practical to do so, the

22  Designating Party must designate for protection only those parts of material,

23  documents, items, or oral or written communications that qualify – so that other

24  portions of the material, documents, items, or communications for which protection

25  is not warranted are not swept unjustifiably within the ambit of this Order.

26       Mass, indiscriminate, or routinized designations are prohibited. Designations

27  that are shown to be clearly unjustified or that have been made for an improper

28  purpose (e.g., to unnecessarily encumber or retard the case development process or

1    to impose unnecessary expenses and burdens on other parties) expose the

2    Designating Party to sanctions.

3         If it comes to a Designating Party's attention that information or items that it

4    designated for protection do not qualify for protection at all or do not qualify for the

5    level of protection initially asserted, that Designating Party must promptly notify all

6    other parties that it is withdrawing the mistaken designation.

7         5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

8    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

9    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10   under this Order must be clearly so designated before the material is disclosed or

11   produced.

12        Designation in conformity with this Order requires:

13        (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,

14   but excluding transcripts of depositions or other pretrial or trial proceedings), that

15   the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL

17   BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or

18   "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

19   protected material. If only a portion or portions of the material on a page qualifies

20   for protection, the Producing Party also must clearly identify the protected

21   portion(s) (e.g., by making appropriate markings in the margins) and must specify,

22   for each portion, the level of protection being asserted.

23        A Party or Non-Party that makes original documents or materials available

24   for inspection need not designate them for protection until after the inspecting Party

25   has indicated which material it would like copied and produced. During the

26   inspection and before the designation, all of the material made available for

27   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28   ONLY." After the inspecting Party has identified the documents it wants copied

1  and produced, the Producing Party must determine which documents, or portions
2  thereof, qualify for protection under this Order. Then, before producing the
3  specified documents, the Producing Party must affix the appropriate legend
4  ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
5  ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO
6  PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to
7  each page that contains Protected Material. If only a portion or portions of the
8  material on a page qualifies for protection, the Producing Party also must clearly
9  identify the protected portion(s) (e.g., by making appropriate markings in the
10  margins) and must specify, for each portion, the level of protection being asserted.

11       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
12  that the Designating Party identify on the record, before the close of the deposition,
13  hearing, or other proceeding, all protected testimony and specify the level of
14  protection being asserted. When it is impractical to identify separately each portion
15  of testimony that is entitled to protection and it appears that substantial portions of
16  the testimony may qualify for protection, the Designating Party may invoke on the
17  record (before the deposition, hearing, or other proceeding is concluded) a right to
18  have up to 21 days to identify the specific portions of the testimony as to which
19  protection is sought and to specify the level of protection being asserted. Only those
20  portions of the testimony that are appropriately designated for protection within the
21  21 days shall be covered by the provisions of this Stipulated Protective Order.
22  Alternatively, a Designating Party may specify, at the deposition or up to 21 days
23  afterwards if that period is properly invoked, that the entire transcript shall be
24  treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
25  EYES ONLY."

26       The parties shall give the other parties notice if they reasonably expect a
27  deposition, hearing, or other proceeding to include Protected Material so that the
28  other parties can ensure that only authorized individuals who have signed the

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

2   proceedings. The use of a document as an exhibit at a deposition shall not in any

3   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

4   – ATTORNEYS' EYES ONLY."

5        Transcripts containing Protected Material shall have an obvious legend on

6   the title page that the transcript contains Protected Material, and the title page shall

7   be followed by a list of all pages (including line numbers as appropriate) that have

8   been designated as Protected Material and the level of protection being asserted by

9   the Designating Party. The Designating Party shall inform the court reporter of

10  these requirements. Any transcript that is prepared before the expiration of a 21-day

11  period for designation shall be treated during that period as if it had been designated

12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

13  otherwise agreed. After the expiration of that period, the transcript shall be treated

14  only as actually designated.

15       (c) for information produced in some form other than documentary and for

16  any other tangible items, that the Producing Party affix in a prominent place on the

17  exterior of the container or containers in which the information or item is stored the

18  legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19  ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO

20  PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If

21  only a portion or portions of the information or item warrant protection, the

22  Producing Party, to the extent practicable, shall identify the protected portion(s) and

23  specify the level of protection being asserted.

24       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

25  failure to designate qualified information or items does not, standing alone, waive

26  the Designating Party's right to secure protection under this Order for such

27  material. Upon timely correction of a designation, the Receiving Party must make

28  reasonable efforts to assure that the material is treated in accordance with the

[PROP.] PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS
NOS. 2:13-ML-2461-GAF PLAx
2:13-CV-2476-GAF PLAx

provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time within the discovery period established by the Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

        6.3      Judicial Intervention. If the parties cannot resolve a challenge regarding the designation or disclosure of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.  If the

1  parties want to file the Joint Stipulation required by Local Rule 37 under seal, the

2  parties may file a stipulation to that effect or the moving party may file an ex parte

3  application making the appropriate request.  The parties must set forth good cause

4  in the stipulation or ex parte application as to why the Joint Stipulation or portions

5  thereof should be filed under seal.

6  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7      7.1     Basic Principles. A Receiving Party may use Protected Material that is

8  disclosed or produced by another Party or by a Non-Party in connection with this

9  case only for prosecuting, defending, or attempting to settle this litigation. Such

10  Protected Material may be disclosed only to the categories of persons and under the

11  conditions described in this Order. When the litigation has been terminated, a

12  Receiving Party must comply with the provisions of section 15 below (FINAL

13  DISPOSITION).

14      Protected Material must be stored and maintained by a Receiving Party at a

15  location and in a secure manner that ensures that access is limited to the persons

16  authorized under this Order.

17      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless

18  otherwise ordered by the court or permitted in writing by the Designating Party, a

19  Receiving Party may disclose any information or item designated

20  "CONFIDENTIAL" only to:

21      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

22  employees of said Outside Counsel of Record to whom it is reasonably necessary to

23  disclose the information for this litigation and who have signed the

24  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

25  A;

26      (b) the officers, directors, and employees (including House Counsel) of the

27  Receiving Party to whom disclosure is reasonably necessary for this litigation and

28  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1     (c) Experts (as defined in this Order) of the Receiving Party to whom

2 disclosure is reasonably necessary for this litigation and who have signed the

3 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4     (d) the court and its personnel;

5     (e) court reporters and their staff, professional jury or trial consultants, and

6 Professional Vendors to whom disclosure is reasonably necessary for this litigation

7 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

8 A);

9     (f) during their depositions, witnesses in the action to whom disclosure is

10 reasonably necessary and who have signed the "Acknowledgment and Agreement

11 to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

12 ordered by the court. Pages of transcribed deposition testimony or exhibits to

13 depositions that reveal Protected Material must be separately bound by the court

14 reporter and may not be disclosed to anyone except as permitted under this

15 Stipulated Protective Order.

16     (g) the author or recipient of a document containing the information or a

17 custodian or other person who otherwise possessed or knew the information.

18     7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19 ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO

20 PROTECTIVE ORDER," and "HIGHLY CONFIDENTIAL – SOURCE CODE"

21 Information or Items. Unless otherwise ordered by the court or permitted in writing

22 by the Designating Party, a Receiving Party may disclose any information or item

23 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

24 "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE

25 ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

26     (a) the Receiving Party's Outside Counsel of Record in this action, as well as

27 employees of said Outside Counsel of Record to whom it is reasonably necessary to

28 disclose the information for this litigation and who have signed the

1   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
2   A;

3        (b) Designated House Counsel of the Receiving Party (1) who has no
4   involvement in competitive decision-making, (2) to whom disclosure is reasonably
5   necessary for this litigation, (3) who has signed the "Acknowledgment and
6   Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth
7   in paragraph 7.4(a)(1), below, have been followed;

8        (c) Experts of the Receiving Party (1) to whom disclosure is reasonably
9   necessary for this litigation, (2) who have signed the "Acknowledgment and
10  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth
11  in paragraph 7.4(a)(2), below, have been followed;

12       (d) the court and its personnel;

13       (e) court reporters and their staff, professional jury or trial consultants, and
14  Professional Vendors to whom disclosure is reasonably necessary for this litigation
15  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
16  A); and

17       (f) the author or recipient of a document containing the information or a
18  custodian or other person who otherwise possessed or knew the information.

19       7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY
20  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL
21  BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or
22  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to
23  Designated House Counsel or Experts</u>.

24       (a)(1) Unless otherwise ordered by the court or agreed to in writing by the
25  Designating Party, a Party that seeks to disclose to Designated House Counsel any
26  information or item that has been designated "HIGHLY CONFIDENTIAL –
27  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS
28  INFORMATION SUBJECT TO PROTECTIVE ORDER" pursuant to paragraph

7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the

1    identified Designated House Counsel or Expert unless, within 14 days of delivering

2    the request, the Party receives a written objection from the Designating Party. Any

3    such objection must set forth in detail the grounds on which it is based.

4         (c) A Party that receives a timely written objection must meet and confer

5    with the Designating Party pursuant to L.R. 37-1 to try to resolve the matter by

6    agreement within ten days of receiving the written objection.  If no agreement is

7    reached, the Party seeking to make the disclosure to Designated House Counsel or

8    the Expert may prepare a joint stipulation and notice of motion as provided in L.R.

9    37-2 (and in compliance with L.R. 79-5, if applicable) or file an ex parte application

10   as provided in L.R. 7-19 seeking permission from the court to do so.  Any such

11   joint stipulation or ex parte application, in addition to the requirements of L.R. 37-2

12   and L.R. 7-19 respectively, must describe the circumstances with specificity, set

13   forth in detail the reasons why disclosure to Designated House Counsel or the

14   Expert is reasonably necessary, assess the risk of harm that the disclosure would

15   entail, and suggest any additional means that could be used to reduce that risk. In

16   addition, any such joint stipulation or ex parte application must be accompanied by

17   a competent declaration describing the parties' efforts to resolve the matter by

18   agreement (i.e., the extent and the content of the meet and confer discussions) and

19   setting forth the reasons advanced by the Designating Party for its refusal to

20   approve the disclosure.  If filing under seal, the parties must set forth good cause in

21   the joint stipulation or ex parte application as to why the joint stipulation or ex parte

22   application or portions thereof should be filed under seal.

23        In any such proceeding, the Party opposing disclosure to Designated House

24   Counsel or the Expert shall bear the burden of proving that the risk of harm that the

25   disclosure would entail (under the safeguards proposed) outweighs the Receiving

26   Party's need to disclose the Protected Material to its Designated House Counsel or

27   Expert.

28

8.     [INTENTIONALLY OMITTED]

9.     SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's Counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party

shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

1    (b) promptly notify in writing the party who caused the subpoena or order to

2    issue in the other litigation that some or all of the material covered by the subpoena

3    or order is subject to this Protective Order. Such notification shall include a copy of

4    this Stipulated Protective Order; and

5    (c) cooperate with respect to all reasonable procedures sought to be pursued

6    by the Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with

8    the subpoena or court order shall not produce any information designated in this

9    action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

10    EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO

11    PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE"

12    before a determination by the court from which the subpoena or order issued, unless

13    the Party has obtained the Designating Party's permission. The Designating Party

14    shall bear the burden and expense of seeking protection in that court of its

15    confidential material – and nothing in these provisions should be construed as

16    authorizing or encouraging a Receiving Party in this action to disobey a lawful

17    directive from another court.

18    11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

19    PRODUCED IN THIS LITIGATION

20    (a)    The terms of this Order are applicable to information produced by a

21    Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

22    CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

23    CONFIDENTIAL – SOURCE CODE." Such information produced by the Non-

24    Party in connection with this litigation is protected by the remedies and relief

25    provided by this Order. Nothing in these provisions should be construed as

26    prohibiting a Non-Party from seeking additional protections.

27    (b)    In the event that a Party is required, by a valid discovery request, to

28    produce a Non-Party's confidential information in its possession, and the Party is

1  subject to an agreement with the Non-Party not to produce the Non-Party's

2  confidential information, then the Party shall:

3       1.    promptly notify in writing the Requesting Party and the Non-Party that

4  some or all of the information requested is subject to a confidentiality agreement

5  with a Non-Party;

6       2.    promptly provide the Non-Party with a copy of the Stipulated

7  Protective Order in this litigation, the relevant discovery request(s), and a

8  reasonably specific description of the information requested; and

9       3.    make the information requested available for inspection by the Non-

10  Party.

11       (c)    If the Non-Party fails to object or seek a protective order from this

12  court within 14 days of receiving the notice and accompanying information, the

13  Receiving Party may produce the Non-Party's confidential information responsive

14  to the discovery request. If the Non-Party timely seeks a protective order, the

15  Receiving Party shall not produce any information in its possession or control that

16  is subject to the confidentiality agreement with the Non-Party before a

17  determination by the court. Absent a court order to the contrary, the Non-Party shall

18  bear the burden and expense of seeking protection in this court of its Protected

19  Material.

20  12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

21       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22  Protected Material to any person or in any circumstance not authorized under this

23  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

24  writing the Designating Party of the unauthorized disclosures, (b) use its best

25  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

26  person or persons to whom unauthorized disclosures were made of all the terms of

27  this Order, and (d) request such person or persons to execute the "Acknowledgment

28  and Agreement to Be Bound" that is attached hereto as Exhibit A.

1  13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
2  PROTECTED MATERIAL

3        When a Producing Party gives notice to Receiving Parties that certain
4  inadvertently produced material is subject to a claim of privilege or other
5  protection, the obligations of the Receiving Parties are those set forth in Federal
6  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
7  whatever procedure may be established in an e-discovery order that provides for
8  production without prior privilege review. Pursuant to Federal Rule of Evidence
9  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
10 of a communication or information covered by the attorney-client privilege or work
11 product protection, the parties may incorporate their agreement in the stipulated
12 protective order submitted to the court.

13 14.    MISCELLANEOUS

14       14.1   Right to Further Relief. Nothing in this Order abridges the right of any
15 person to seek its modification by the court in the future.

16       14.2   Right to Assert Other Objections. By stipulating to the entry of this
17 Protective Order no Party waives any right it otherwise would have to object to
18 disclosing or producing any information or item on any ground not addressed in
19 this Stipulated Protective Order. Similarly, no Party waives any right to object on
20 any ground to use in evidence of any of the material covered by this Protective
21 Order.

22       14.3   Export Control. Disclosure of Protected Material shall be subject to all
23 applicable laws and regulations relating to the export of technical data contained in
24 such Protected Material, including the release of such technical data to foreign
25 persons or nationals in the United States or elsewhere. The Producing Party shall be
26 responsible for identifying any such controlled technical data, and the Receiving
27 Party shall take measures necessary to ensure compliance.

28       14.4   Filing Protected Material. Without written permission from the

1   Designating Party or a court order secured after appropriate notice to all interested

2   persons, a Party may not file in the public record in this action any Protected

3   Material. A Party that seeks to file under seal any Protected Material must comply

4   with L.R. 79-5.  If Protected Material is included in any papers to be filed in Court,

5   such papers shall be accompanied by an application to file the papers – or the

6   confidential portion thereof – under seal; the application must show good cause for

7   the under seal filing. The application shall be directed to the judge to whom the

8   papers are directed.  Pending the ruling on the application, the papers or portions

9   thereof subject to the sealing application shall be lodged under seal.  If a Receiving

10  Party's request to file Protected Material under seal pursuant to L.R. 79-5 is denied

11  by the court, then the Receiving Party may file the Protected Material in the public

12  record unless otherwise instructed by the court.

13          15.   TRIAL

14          Once a case proceeds to trial, all the information that was designated as

15  confidential and/or kept and maintained pursuant to the terms of a protective order

16  becomes public and will be presumptively available to all members of the public,

17  including the press, unless good cause is shown to the district judge in advance of

18  trial to proceed otherwise.

19  16.   FINAL DISPOSITION

20          Within 60 days after the final disposition of this action, as defined in

21  paragraph 4, each Receiving Party must return all Protected Material to the

22  Producing Party or destroy such material. As used in this subdivision, "all Protected

23  Material" includes all copies, abstracts, compilations, summaries, and any other

24  format reproducing or capturing any of the Protected Material. Whether the

25  Protected Material is returned or destroyed, the Receiving Party must submit a

26  written certification to the Producing Party (and, if not the same person or entity, to

27  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

28  appropriate) all the Protected Material that was returned or destroyed and (2)

1  affirms that the Receiving Party has not retained any copies, abstracts,

2  compilations, summaries or any other format reproducing or capturing any of the

3  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

4  archival copy of all pleadings, motion papers, trial, deposition, and hearing

5  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

6  reports, attorney work product, and consultant and expert work product, even if

7  such materials contain Protected Material. Any such archival copies that contain or

8  constitute Protected Material remain subject to this Protective Order as set forth in

9  Section 4 (DURATION).

10

11         [IT IS SO ORDERED.]

12

13  DATED: April 21, 2014

14

15                                                                *Paul L. Abrams*

16                              _____
                                                Paul L. Abrams
                                      United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

[PROP.] PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS
NOS. 2:13-ML-2461-GAF PLAx
2:13-CV-2476-GAF PLAx

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of _____ [print or

4  type full address], declare under penalty of perjury that I have read in its entirety

5  and understand the Stipulated Protective Order that was issued by the United States

6  District Court for the Central District of California on _____ [date] in the case of

7  *MyKey Technology, Inc., v. Data Protection Solutions by Arco, et al*. Case No.

8  2:13-CV-2476-GAF (PLAx).  I agree to comply with and to be bound by all the

9  terms of this Stipulated Protective Order, and I understand and acknowledge that

10  failure to so comply could expose me to sanctions and punishment in the nature of

11  contempt. I solemnly promise that I will not disclose in any manner any

12  information or item that is subject to this Stipulated Protective Order to any person

13  or entity except in strict compliance with the provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court

15  for the Central District of California for the purpose of enforcing the terms of this

16  Stipulated Protective Order, even if such enforcement proceedings occur after

17  termination of this action.

18      I hereby appoint_____ [print or type full name] of

19  _____ [print or type full address and telephone number]

20  as my California agent for service of process in connection with this action or any

21  proceedings related to enforcement of this Stipulated Protective Order.

22  Date: _____

23  City and State where sworn and signed: _____

24

25  Printed name: _____
                     [printed name]

26

27  Signature: _____
              [signature]

28