**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE: MYKEY TECHNOLOGY INC. PATENT LITIGATION,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>INTELLIGENT COMPUTER SOLUTIONS, INC., et al.,<br><br>　　　　　　　Defendants. | No. CV 13-2461-AG (PLAx)<br><br>MDL No. 2461<br><br>**ORDER RE: AWARD OF EXPENSES PURSUANT TO FED.R.CIV.P. 37(b)(2)(C)** |

On February 1, 2016, the Court granted, in part, plaintiff's Motion for Sanctions (Docket No. 249) ("Sanctions Motion") against defendant CRU Acquisition Group, LLC ("CRU" or "defendant") (Docket No. 256). Among other things, the Court found that an award of plaintiff's expenses was entirely justified pursuant to Fed.R.Civ.P. 37(b)(2)(C),[1] as it was necessary for plaintiff to bring the Sanctions Motion: (1) to secure compliance with the Court's October 21, 2015, Order, and to either hold defendant to its representation to dismiss an affirmative defense or face a consequence for

---

[1] Pursuant to Rule 37(b)(2)(C), the Court, in addition to or instead of the sanctions outlined in Rule 37(b)(2)(A) for not obeying a discovery order, must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey an order to provide or permit discovery], unless the failure was substantially justified or other circumstances make an award of expenses unjust."

not doing so, and (2) to enable plaintiff to verify the sufficiency of defendant's production of documents pursuant to the November 19, 2015, Order. In these circumstances, the Court concluded that an award of expenses and fees would not be unjust. The Court further finds that defendant's failure to fully and timely comply with the subject orders was not substantially justified. The Court ordered plaintiff to submit a declaration by February 9, 2016, detailing the reasonable expenses, including attorney's fees, caused by defendant's failure to timely comply with the October and November Orders.

In response, on February 9, 2016, plaintiff submitted the Declaration of Jessica N. Leal, which details Ms. Leal's legal background and experience, her billing rate and the billing rate for her paralegal, and the hours spent on tasks she represents were associated with defendant's failure to timely comply with the Court's October 21, 2015, and November 19, 2015, Orders.[2] Having reviewed the Declaration, the Court orders defendant and its counsel, jointly and severally, to pay plaintiff the sum of $6,570, which the Court finds reflects the reasonable expenses, including attorney's fees, necessary to bring the Sanctions Motion (a motion that was warranted based on defendant's failure to timely and fully comply with two Court orders), as follows: review by counsel of discrepancies between various collected discovery as related to defendant's compliance, and documents produced by defendant to determine compliance (2 hours at $390 per hour = $780); preparation and filing by counsel of the Sanctions Motion (8 hours at $390 per hour = $3,120); preparation and filing by counsel of Supplemental Memorandum (3 hours[3] at $390 per hour = $1,170); and reasonable paralegal assistance in reviewing collected discovery and preparation of demonstratives in connection with the Sanctions Motion (10 hours at $150[4] per hour = $1,500). The Court declines to award additional costs and fees not directly related to the actual

---

[2]   As of the date of this Order, defendant has not filed a response of any kind to the Declaration, despite having had two weeks to do so.

[3]   The Court finds that the nine hours claimed by counsel to prepare a five page supplement, even with a declaration and exhibits, is excessive.

[4]   The Court has reduced the requested hourly rate to a rate that still exceeds that authorized to be paid to *counsel* representing defendants under the Criminal Justice Act.

preparation of the Sanctions Motion, such as gathering and analyzing evidence that could serve case-related purposes beyond the preparation of the Motion, or to account for time spent that appears excessive or does not appear to have been absolutely necessary to bring the Motion.

Accordingly, **no later than March 7, 2016, defendant and defendant's counsel, jointly and severally, shall pay plaintiff the amount of $6,570**.

**It is so ordered**.

DATED: February 24, 2016

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE